**Clifford WISE, Petitioner-Appellant,**

**v.**

**Harold J. SMITH, Respondent-Appellee.**

**No. 1018, Docket 83–2108.**

United States Court of Appeals,
Second Circuit.

Argued April 4, 1984.

Decided May 25, 1984.

R. Nils Olsen, Jr., State University of N.Y. at Buffalo School of Law, Buffalo, N.Y., for petitioner-appellant.

Wayne L. Benjamin, Albany, N.Y., Asst. Atty. Gen. of State of N.Y. (Robert Abrams, Atty. Gen., of State of N.Y., Wil-

liam J. Kogan, Asst. Sol. Gen., Albany, N.Y., of counsel), for respondent-appellee.

Before FEINBERG, Chief Judge, FRIENDLY and OAKES, Circuit Judges.

FEINBERG, Chief Judge:

Clifford Wise appeals from a judgment of the United States District Court for the Western District of New York, 559 F.Supp. 44, Michael A. Telesca, J., denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Wise alleged in his petition that he was denied effective assistance of counsel and a fair trial in his state court conviction of second degree robbery. In this appeal, Wise argues that the district court erred in applying the statutory presumption of correctness of § 2254(d) to conclusions of the state trial and appellate courts on mixed questions of law and fact in assessing counsel's effectiveness and in concluding that Wise was not denied a fair trial when the trial judge failed to declare a mistrial after an outburst by counsel in front of the jury.

For the reasons given below, we affirm the judgment of the district court.

## I.

After a jury trial before Justice James H. Boomer, New York State Supreme Court, Monroe County, Wise was convicted in June 1976 of robbery in the second degree, N.Y.Penal Law § 160.10, and grand larceny in the second degree, N.Y.Penal Law § 155.35. He was acquitted of first degree robbery. Wise was sentenced on the robbery charge as a second felony offender to 7½ to 15 years imprisonment. No sentence was imposed on the grand larceny charge because it merged with the robbery conviction.

Before and during the trial, Wise was represented by retained counsel, apparently his third and possibly his fourth lawyer in the case. At the completion of jury selection, Wise advised the trial judge that this was his counsel's first jury trial, something Wise alleged that he had only recently learned, and that he did not feel counsel was experienced enough to handle the trial. The judge denied Wise's request to obtain new counsel on the grounds that it was too late in the proceedings to do so and that he felt counsel was capable of handling the trial. On the fourth day of trial and in the presence of the jury, counsel refused to continue, accused the judge of prejudging his client's guilt and of unfairly influencing the jury and stalked out of the courtroom. After immediately dismissing the jury and summoning counsel back to the courtroom, the judge engaged in a prolonged and sometimes heated colloquy with counsel in which the judge denied any prejudicial conduct and ordered counsel to continue representing Wise. The trial proceeded without further incident.

Represented by new counsel, Wise appealed his conviction to the Appellate Division essentially on the same grounds presented in the habeas petition now before us. In November 1978, the Appellate Division vacated the grand larceny conviction as an inclusory concurrent count of the robbery conviction, but in all other respects affirmed the judgment. Leave to appeal to the New York Court of Appeals was denied. Meanwhile, during the pendency of his appeal to the Appellate Division, Wise moved in the trial court pursuant to N.Y. Crim. Pro. Law § 440.10 to vacate his conviction on the ground of ineffective assistance of counsel. After argument, the trial judge denied the motion without an evidentiary hearing. Leave to appeal this decision was denied by the Appellate Division in January 1978.

Wise filed a habeas petition pro se in the district court in October 1979. After counsel was appointed and an amended petition filed, Judge Telesca denied the amended petition in March 1983, without an evidentiary hearing. The judge held that Wise's numerous assertions of omissions, mistakes and misconduct by his trial counsel could not stand in the face of the findings of the state trial and appellate courts. Applying this circuit's former "farce and mockery" standard, the judge found that the representation was not a denial of effective

assistance of counsel. The judge also held that Wise had not been denied a fair trial when the state judge declined to declare a mistrial based on the prejudicial impact of defense counsel's misconduct. The district court found that the trial judge had taken appropriate steps to mitigate the prejudicial effect and that the denial of a mistrial was within his discretion.

This court granted a certificate of probable cause to appeal on the ineffectiveness of counsel claim, but because the moving papers were ambiguous as to the fair trial claim and it was also fully briefed on appeal, we have considered it as well.

## II.

In their briefs and argument to us, the parties raised several difficult questions, including the retroactivity of our recent decision in *Trapnell v. United States*, 725 F.2d 149 (2d Cir.1983), the degree of prejudice, if any, that must be shown if counsel is found to have been ineffective in some respects and the full reach of the presumption of correctness accorded state court conclusions on mixed questions of law and fact under *Sumner v. Mata (I)*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), *Sumner v. Mata (II)*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982), *Marshall v. Lonberger*, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), and *Rushen v. Spain*, ___ U.S. ___, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983). After the appeal was argued, the Supreme Court decided *Strickland v. Washington*, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which specifically approved the "reasonable competence" standard of assessing counsel's effectiveness that we adopted in *Trapnell*, and held, on the issue of prejudice, that a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, supra, at ___, 104 S.Ct. at 2064. Assuming arguendo that *Strickland v. Washington* applies to a case on appeal when it was decided, we have conducted an independent review of the state court record under the "reasonable competence" standard and we conclude that Wise was not denied effective assistance of counsel and that he has not "affirmatively prove[d] prejudice," id. at ___, 104 S.Ct. at 2067.

In denying Wise's habeas petition, the district court considered itself bound under 28 U.S.C. § 2254(d) and *Sumner v. Mata I and II*, supra, by the following determinations of the trial judge and the Appellate Division: the trial judge's statement that "[a]t first [Wise's trial counsel] was rather slow in selecting the jury, but he impressed me, as matters went on, of being an aggressive defense counsel, and his summation, I thought was impressive under all the circumstances of the case"; and the Appellate Division's statements that "[n]o crucial element of the defense was omitted ... and counsel appeared to be prepared and to have a grasp of the facts and legal principles involved"; that "[t]here is no evidence that counsel ever lost his composure or his concentration or that after his eruption he was less effective"; and that "[f]urthermore, we view counsel's conduct as part of a tactic intended to force the court to declare a mistrial."

Wise argues that the district court erroneously accorded a presumption of correctness to what were legal conclusions on the ultimate question of effectiveness of counsel or at least were conclusions on mixed questions of fact and law. While we think that the district judge may have gone too far in giving preclusive effect to all of the state courts' findings listed above in deciding the ultimate constitutional issue of effectiveness of counsel, we agree with the judge's ultimate conclusion after our own independent review of the record. We do not, therefore, have to decide precisely how each of the above-listed findings should be treated under *Sumner v. Mata I and II*, supra.

In his amended habeas petition and his brief on this appeal, Wise sets forth numerous alleged errors and omissions by counsel in the trial record which are said to demonstrate that counsel failed to under-

stand important legal principles involved in a criminal trial, omitted several possibly important elements of the defense and was not adequately prepared. Wise's principal contentions are that counsel failed to develop possible *Miranda* and *Wade* claims at a pre-trial suppression hearing he had requested; was unfamiliar with and did not request a hearing under *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974), to determine the admissibility of Wise's prior convictions for impeachment purposes should he testify; lost all composure and accused the judge in front of the jury of bias and prejudging Wise's guilt; and called two alibi witnesses without having exercised Wise's statutory right to pre-trial disclosure of possible alibi rebuttal witnesses, thus opened the door to introduction of devastating prior inconsistent statements of those witnesses taken by an F.B.I. agent and then proved his lack of understanding by making a totally unresponsive *Brady* objection.

Wise further argues that counsel permitted the prosecutor to make improper statements before the jury without objection; made meaningless "general objections" to introduction of evidence; promised in his opening statement to call a police department fingerprint expert, but failed to do so; and allowed a defective jury charge to be given by failing to be ready with specific objections when the judge asked for objections to the charge. Wise also alleges additional instances of counsel's incompetence that do not appear in the trial court record, including failing to consult with Wise prior to trial except briefly during court appearances; urging Wise in these brief discussions to plead guilty rather than eliciting facts and formulating a trial strategy; failing to interview all of the witnesses who could corroborate Wise's alibi; and failing to advise Wise of his lack of criminal defense experience, his beliefs about the court's bias and his intention to confront the judge in front of the jury.

█ While this is a substantial list of alleged shortcomings, we do not think the picture Wise has drawn accurately depicts

counsel's performance. On our own independent review of the record we agree with the state trial and appellate court findings that counsel was aggressive, that he was well prepared and had a good grasp of the facts, that no crucial element of the defense was omitted and that counsel had an adequate understanding of the legal principles involved. We are most troubled by counsel's outburst at the judge in front of the jury, which was not competent conduct. In this regard, we do not believe the record supports the Appellate Division's finding that the outburst was a tactic to obtain a mistrial. Nevertheless, we do not feel the incident deprived Wise of the effective assistance of counsel in his defense; rather, we think the real question is whether the outburst so prejudiced the case in the eyes of the jury as to deny Wise's right to a fair trial, a question we will turn to shortly.

Apart from this incident, although counsel was no Clarence Darrow, his performance was not so lacking in competence as to fall short of the standard set down in *Strickland v. Washington*. Many of the omissions that Wise complains of appear to have been tactical decisions or concerned matters that under the facts of the case did not warrant much attention. Some of the other alleged omissions and mistakes are inaccurately described, and while some of the remaining ones were perhaps error, they were not as serious in the context of the entire trial and counsel's vigorous defense as Wise claims.

Before trial, counsel made a detailed and comprehensive request for *Brady* material, a bill of particulars, statements made by Wise, certain grand jury material and broad discovery. He also sought a suppression hearing and a *Wade* hearing. He did not request a *Sandoval* hearing, but the assistant district attorney who handled the combined suppression and *Wade* hearing testified at the post-trial hearing that he discussed *Sandoval* with counsel and that counsel indicated that as a matter of trial tactics he did not believe Wise should testify, so that there was no need for a *Sandoval* hearing. A review of the com-

bined suppression and *Wade* hearing shows that counsel carefully cross-examined the F.B.I. and police witnesses as to the circumstances of Wise's questioning and the consent search of his apartment. The conduct of the lineup in which Wise was identified was presented in detail in direct testimony, and counsel's failure to explore potential *Wade* problems apparently reflected a decision that there was no reason to do so. Counsel continued his meticulous and aggressive cross-examination throughout the trial. He pressed the defense of misidentification vigorously and consistently. Counsel's repeated cross-examination on the lack of evidence of a gun was demonstratively effective in getting an acquittal on the first degree robbery charge.

We do not think it is necessary to discuss each of the claimed errors and omissions. Wise was not entitled to a perfect defense, and the cumulative effect of the errors and omissions that we might find do not amount to a denial of effective assistance of counsel. We have considered Wise's allegations of extra-record instances of incompetence, and in the context of the entire record we do not believe they raise sufficiently serious doubts about counsel's performance to warrant an evidentiary hearing.

■ Finally, turning to the second half of the *Strickland v. Washington* test, we conclude that defendant has not shown prejudice even if we assume that his counsel's performance was constitutionally defective. As a result of that decision, Wise "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Moreover, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* supra, —— U.S. at ——, 104 S.Ct. at 2068.

■ The evidence against Wise was, as the trial judge characterized it, "overwhelming." Cf. *United States v. Aulet,*

618 F.2d 182, 188 (2d Cir.1980). The state's case was very strong. There was an eyewitness bank teller and another eyewitness who, at the time of the robbery, saw a person run through the bank parking lot with money in his hand and enter and drive away in a car admittedly used exclusively by Wise at the time. The teller and the other eyewitness gave matching physical descriptions, which also matched the pictures taken by the bank's security cameras. In addition, Wise's fingerprint was found on the inside of the bank door, and a grey jacket, a white ski hat and a torn up "stick-up" note with Wise's name and address on it were found in a paper bag inside a dumpster about 100 feet from Wise's apartment. Though there was no evidence that a stick-up note was used in the robbery, the evidence from the eyewitnesses and the film indicated that the robber wore a grey jacket and a white ski hat. Applying *Strickland v. Washington,* there is no "reasonable probability" that the outcome of the trial would have been different with other counsel.

### III.

■ As noted earlier, counsel's misconduct in front of the jury is best considered in the context of Wise's claim that he was denied his due process right to a fair trial. This incident is the most troubling aspect of the case and we do not condone such misconduct, but we conclude that denying a mistrial certainly was within the discretion of the trial judge. He was in the best position to assess the impact on the jury. Moreover, he immediately dismissed the jury; when they returned, he admonished them to disregard the incident; and he included an appropriate instruction in the jury charge. We would not characterize the outburst as a trial tactic, but we do not think that it denied Wise a fair trial.[1]

The judgment of the district court is affirmed.

---

**1.** Citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), appellee argues that Wise did not exhaust his state remedies as to some of his claims. We believe that Wise sufficiently raised his basic claims in the state courts so that *Rose v. Lundy* is inapplicable.