Herminio SANCHEZ, Petitioner,

v.

Charles SCULLY and Robert Abrams, Respondents.

No. 83 Civ. 5334 (JES).

United States District Court, S.D. New York.

July 19, 1985.

Herminio Sanchez, pro se.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for respondents; Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., Gerald J. Ryan, Barbara L. Linzer, Tyrone Mark Powell, Asst. Attys. Gen., New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner Herminio Sanchez brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he was denied his Sixth Amendment right of effective assistance of counsel at his state court trial, and that the state court imposed upon him a sentence which violated the United States Constitution.[1] Sanchez previously filed a petition for habeas corpus relief on these same grounds in the United States District Court for the Northern District of New York. Judge James T.

Foley denied the petition on the merits. *See* Memorandum Decision and Order, *Sanchez v. Jones*, 80 CV 490 (N.D.N.Y. Nov. 3, 1980).

The Court referred the instant petition to United States Magistrate Naomi Reice Buchwald for review and recommendation pursuant to 28 U.S.C. § 636(b)(1). Magistrate Buchwald recommended that petitioner's first claim be denied on the merits, and that the second claim, relating to his sentence, be dismissed as a successive petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court. Petitioner filed objections only with respect to the recommendation regarding the ineffective assistance of counsel claim. Therefore, the Court adopts the Magistrate's recommendation with respect to the second claim regarding petitioner's sentence and dismisses it as a successive petition.

The remainder of this Opinion and Order constitutes the Court's *de novo* determinations pursuant to 28 U.S.C. § 636(b)(1) with respect to the ineffective assistance of counsel claim. The facts of the case are set forth in the Magistrate's Report and Recommendation, and will be discussed herein only as necessary to resolve petitioner's objections. The Court notes that the petition itself simply claims that, although counsel knew "far in advance" that petitioner's defense would be based upon an alibi, counsel failed to adequately prepare that defense. Petitioner's objections to the Magistrate's Report and Recommendation are more specific. The Court will consider each objection in turn.

As a preliminary matter, while Sanchez did allege ineffective assistance of counsel in his petition before Judge Foley, subsequent to that court's denial of the petition, and while the instant petition was already pending, the Second Circuit articulated a new legal standard applicable to ineffective assistance claims. The court replaced the

---

[1]. Petitioner was convicted in Supreme Court, Bronx County of robbery in the first degree. The Appellate Division, First Department affirmed the conviction, *see People v. Sanchez*, 72 A.D.2d 975, 421 N.Y.S.2d 751 (1979), and leave to appeal to the Court of Appeals was denied. *See People v. Sanchez*, 48 N.Y.2d 985, 425 N.Y. S.2d 1042, 401 N.E.2d 429 (1979).

old rule wherein the issue was whether counsel's representation constituted a "farce and mockery of justice," with the standard which all other circuits now apply, and which looks to whether counsel rendered "reasonably competent assistance"— whether counsel's representation was within the range of competence reasonably expected of attorneys in criminal cases. *See Trapnell v. United States*, 725 F.2d 149, 153 (2d Cir.1983).

The Supreme Court subsequently approved the reasonable competence standard and held that to succeed on an ineffective assistance claim, petitioner must show that his counsel's representation was not reasonably competent under prevailing professional norms, *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), under all of the circumstances, *see id.* 466 U.S. at ——, 104 S.Ct. at 2066,[2] and that he was thereby prejudiced in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Id.* 104 S.Ct. at 2067–68. The Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* at 2068.

Since the Court has concluded that the petition must be denied on the merits even assuming that the new standard is applicable, there is no need for the Court to decide whether it may properly apply that standard retroactively in a case where a previous petition raising the same claim was denied and where the standard applicable to the claim raised has changed since the filing of both the first and the second petitions. *See* Respondents' Supplementary Memorandum of Law at 2–4. However, the Court notes that the Second Circuit has applied the rule of *Trapnell* and *Strickland* in cases on appeal where the "farce and mockery" standard had been applicable when the case was before the district court. *See, e.g., Tsirizotakis v. Lefevre*, 736 F.2d 57, 61–63 (2d Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984); *Wise v. Smith*, 735 F.2d 735, 737 (2d Cir. 1984).[3]

 As the Supreme Court noted in *Strickland,* "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *See* 104 S.Ct. at 2064. The starting point of this inquiry is a consideration of the strength of the prosecution's case against petitioner. *See, e.g., Wise, supra,* 735 F.2d at 739; *United States v. Helgesen*, 669 F.2d 69, 71 (2d Cir.), *cert. denied,* 456 U.S. 929, 102 S.Ct. 1978, 72 L.Ed.2d 445 (1982); *United States v. Aulet*, 618 F.2d 182, 188 (2d Cir. 1980). The stronger the evidence against him, the greater must be petitioner's showing of unreasonableness in order to demon-

---

**2.** The Supreme Court made clear that this Court's review of counsel's performance must be "highly deferential," and provided that:

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

104 S.Ct. at 2065–66 (citations omitted).

**3.** The Second Circuit observed in *Trapnell* that the difference between the two standards "may be in large part a matter of semantics," 725 F.2d at 154, as courts have often, in fact, treated the reasonable competence standard as a new way of determining whether representation constituted a farce and mockery of justice, and when both rules were considered in any given case, the Second Circuit had always found that both standards mandated the same result. *See id.* at 153–54. The Supreme Court in *Strickland* cited this discussion in *Trapnell,* and stated that to the extent a reasonableness standard had in fact been applied in prior cases, there was no reason for reconsideration of those cases. *See* 104 S.Ct. at 2069.

It is unclear whether Judge Foley considered whether counsel's performance was reasonably competent.

strate prejudice. *See Strickland, supra,* 104 S.Ct. at 2069.

Petitioner was convicted on two counts of first degree robbery of the El Frente Social Club. The record indicates that the manager and the bartender of the Club, both of whom had known petitioner before the robbery and both of whom were eyewitnesses to the crime, testified that they recognized petitioner as one of the robbers.[4] These identifications made the government's case very strong. Therefore, petitioner's showing herein must also be strong in order to establish that, absent any error by counsel, the factfinder would have had a reasonable doubt respecting his guilt. *See Strickland, supra,* 104 S.Ct. at 2069; *cf. Wise, supra,* 735 F.2d at 739; *Stubbs v. Thomas,* 590 F.Supp. 94, 101 (S.D.N.Y.1984).

**1. *Failure to investigate potential witnesses***

■ Petitioner claims his trial counsel failed to properly investigate and interview potential witnesses to establish petitioner's alibi defense. The record of the state court proceedings fails to support this claim. At petitioner's *Wade* hearing, held approximately one week before trial, his counsel advised the court that he had unsuccessfully attempted to locate potential alibi witnesses for months, despite petitioner's help, and had even used the services of an investigator. Moreover, he only succeeded in speaking with two witnesses the previous day at a meeting arranged by petitioner. These two witnesses, although they did not testify at trial, provided counsel with the name of a third potential witness, Rosalie Riley, who did testify and whom

counsel spoke with on at least two occasions before she testified, and again on the day she appeared for trial.

In view of counsel's efforts and eventual success with respect to finding and interviewing these witnesses, the Court rejects petitioner's claim that his counsel's performance in investigation and interviewing fell below the standard of reasonable competence. Petitioner's contention that counsel permitted Ms. Riley to testify before interviewing her to see what her testimony would be is contradicted by the record. Moreover, while the last minute meetings with Ms. Riley may not have been the best method of interviewing and preparing her, the record indicates that counsel had no alternative due to the difficulties he encountered in locating and speaking with Ms. Riley. Therefore, the Court sees no basis for finding that counsel did not render reasonably competent assistance in this regard. *Cf. Strickland, supra,* 104 S.Ct. at 2066–67.

■ Petitioner does not specify how he was prejudiced by these alleged errors on the part of counsel, or why a different course of conduct by counsel would with reasonable probability have resulted in his acquittal. The Court can find no basis for saying that, but for counsel's conduct with respect to investigating and interviewing these witnesses, the result of the trial would have been different. It follows that this claim must be denied.[5]

**2. *Failure to substantiate Ms. Riley's anticipated testimony***

At a sidebar conference requested by the trial court early in Ms. Riley's testimony,

---

**4.** Despite the fact that the robbers wore masks, the witnesses testified that at the time of the robbery the lighting in the Club was good, and that they recognized petitioner, whose mask was torn and loose-fitting and who was standing only a few feet away from them, from his face, clothing, voice, walk, and mannerisms. In fact, one of the witnesses testified that she had spoken with petitioner earlier that day and that at that time he was wearing the same coat he wore during the robbery.

**5.** To the extent petitioner objects to counsel's failure to call other alibi witnesses at trial, the Court rejects this as a matter of trial strategy which does not rise to the level of a constitutional violation. *See, e.g., Strickland, supra,* 104 S.Ct. at 2066; *United States v. Dukes,* 727 F.2d 34, 42 (2d Cir.1984); *Trapnell, supra,* 725 F.2d at 155; *Helgesen, supra,* 669 F.2d at 72; *Aulet, supra,* 618 F.2d at 189; *United States ex rel. Cruz v. LaVallee,* 448 F.2d 671, 679 (2d Cir.1971), *cert. denied,* 406 U.S. 958, 92 S.Ct. 2064, 32 L.Ed.2d 345 (1972).

defense counsel stated that he expected Ms. Riley to testify that on the same night and at approximately the same time that Sanchez was charged with committing the robbery at the El Frente Social Club, she saw him at a different location, where he spent the evening and was later arrested on an unrelated charge. Counsel stated that the district attorney had supplied him with criminal court records which indicated the date and time of that arrest, and which would therefore support Ms. Riley's alibi testimony.

■ Petitioner argues that his counsel was ineffective in permitting Ms. Riley to testify before "checking out the records" to determine whether they were consistent with her anticipated testimony. These criminal court records are presumably the "records" to which petitioner refers. Counsel's statements at the sidebar conference demonstrate, however, that he *had* checked these records before Ms. Riley testified, and expected her testimony to be in conformity with them. Petitioner has put forth no evidence to support his contention that counsel did not check the records before Ms. Riley testified. Therefore, the Court must reject petitioner's claim as contradicted by the trial record.

### 3. *Handling of Riley's testimony and motion to strike*

Petitioner argues that his counsel improperly handled Ms. Riley's testimony, and acted unreasonably in moving to strike her testimony. This contention is clearly incorrect and distorts what actually happened at the trial.

At the side bar conference requested by the trial court counsel stated that Ms. Riley was not sure of the exact date or precise time she had seen petitioner arrested, but represented that he would confirm the date and time by introducing the criminal court records, and thereby establish petitioner's alibi. Since the probative value of Ms. Riley's testimony depended on counsel's ability to establish that the time Ms. Riley

saw petitioner was relevant to the alibi defense, the trial judge ruled that he would only admit Ms. Riley's testimony subject to defense counsel later introducing the criminal court records to establish a connection between her testimony and the alibi defense.

■ The trial record indicates that after Ms. Riley testified, the court issued a subpoena to procure the criminal court records. However, defense counsel was unable to obtain the records because they were missing from the criminal court file.[6] After consulting with petitioner, and in compliance with the court's prior ruling requiring the introduction of the records, counsel moved to strike Ms. Riley's testimony. The court granted the motion, and stated once again that without the records the testimony could not stand, because there was no connection established between Ms. Riley's testimony and the relevant date. The prosecutor objected, and asked the court's leave to attempt to find the records, but this was denied. The court instructed the jury to disregard Ms. Riley's testimony because it had been taken subject to connection.

Defense counsel's motion to strike this testimony was consistent with and necessitated by his obligations as an officer of the court, in view of the representation as to connection previously made. It would be most anamolous for this Court to hold that in order to render reasonably competent legal assistance, counsel should have disregarded his duties as an officer of the court, and should not have moved to strike testimony that was only admitted upon his representation that a connection would be established, when it became apparent that a connection could not, in fact, be made.

Moreover, petitioner has failed to demonstrate any prejudice caused by the striking of Ms. Riley's testimony. The Court can see no reason why striking the testimony was any more likely to effect the outcome than if the testimony had never been intro-

---

6. Certainly defense counsel cannot be chargeable with professional incompetence merely because he had not anticipated this unusual circumstance.

duced in the first place. Therefore, this claim must be rejected.

### Conclusion

Petitioner's claim regarding the sentence imposed on him in state court is denied as a successive petition.

With respect to the ineffective assistance of counsel claim, the Court can see no basis for ruling either that counsel's performance fell below prevailing professional norms of reasonableness, or that petitioner was prejudiced by any of counsel's alleged errors.[7]

It follows that the petition for a writ of habeas corpus must be denied.

It is SO ORDERED.

---

7. Of course, if *Trapnell* and *Strickland* are not applicable herein, the ineffective assistance of counsel claim must be denied as constituting a successive petition.