**Michael JOURNET, Petitioner,**

v.

**Phillip COOMBE, Jr., Superintendent, Eastern Correctional Facility, Respondent.**

**No. 83 Civ. 2273 (SWK).**

United States District Court, S.D. New York.

Nov. 25, 1986.

Michael Journet, N.Y., pro se.

Robert M. Morgenthau, Dist. Atty., N.Y. County, New York City by Elaine T. Stogel, for respondent.

## MEMORANDUM OPINION AND ORDER
### KRAM, District Judge.

Petitioner Michael Journet petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Journet alleges three claims: that he received ineffective assistance of counsel at his trial; that his right to due process was violated when the trial court refused to permit him to discover the identity of a confidential informant or give a missing witness charge to the jury; and that prosecutorial misconduct during summation deprived him of a fair trial. After reviewing petitioner's claims, the Court denies Journet's petition for the reasons given below.

### FACTS

On the evening of October 29, 1975, petitioner Journet sold approximately four ounces of cocaine to an undercover agent of the New York Drug Enforcement Administration for $4,800. The agent had been introduced to Journet at a Manhattan restaurant by an unidentified confidential informant on September 8, 1975.

At that meeting, Journet and the agent discussed a possible sale, and the agent gave Journet a phone number where he could be reached. Journet contacted the agent, but did. not sell him any cocaine at that time.

On October 28, 1975 the agent telephoned the confidential informant, and asked the informant to arrange for Journet to contact the agent again. Journet did telephone the agent the following day, at which time he offered to sell the agent four ounces of cocaine at a Manhattan restaurant that evening.

When the agent arrived at the restaurant, Journet led him to the men's room, where he handed the agent a package containing one ounce of cocaine. Journet then asked the agent to wait, and left the restaurant for a half hour. He returned with a package that contained almost three ounces of cocaine. Journet handed this package to the agent as they sat in a car in front of the restaurant. As soon as the agent had handed Journet forty-eight one hundred dollar bills, one of the members of the agent's back-up team arrested Journet as he emerged from the car.

Journet was subsequently convicted by a New York State jury of two counts of criminal sale of a controlled substance. On November 23, 1977, he was sentenced to two concurrent indeterminate terms of from fifteen years to life and from one year to life. He is currently incarcerated in a New York prison pursuant to that judgment.

Petitioner appealed his conviction to the New York State Appellate Division, First Department. He raised the claims contained in his habeas petition, as well as a fourth claim not before this Court.[1] The Appellate Division affirmed Journet's conviction without opinion on March 27, 1980. Leave to appeal to the New York Court of Appeals was denied on May 27, 1980. Petitioner also filed a motion pursuant to New York Criminal Procedure Law (CPL) § 440.20, to vacate his sentence on the ground that his sentence (which was the minimum allowed by the statute) failed to serve the interests of justice. This motion was also denied. Journet subsequently filed a petition for habeas corpus relief. Having previously determined that Journet has exhausted his state court remedies (*See* 567 F.Supp. 503 (1983)), the Court now decides the merits of Journet's petition.

### DISCUSSION

#### I

Petitioner's first claim is that he received ineffective assistance of counsel at his trial

---

**1.** The State claim, that one count of Journet's convictions should be reversed because his delivery of two packets of cocaine to the agent over a one-half hour period constituted a single sale, was not included in Journet's petition.

in violation of his Sixth Amendment right. He alleges that his trial counsel's representation was only perfunctory at trial, and that she failed to prepare the law and facts relevant to his defense.

He also alleges specifically that his counsel failed to investigate or call as a witness a woman who had been present during both of Journet's conversations with the undercover agent, and that his counsel also did not seek, during the trial, disclosure of the identity of the confidential informant who introduced the agent to Journet. (Counsel did seek the informant's identity in a pre-trial omnibus motion. The record is unclear as to when before trial that motion was orally denied). Journet maintains that the testimony of these witnesses would have established either an agency or entrapment defense.

Examination of the record of Journet's trial leads the Court to a conclusion aptly stated in *Wise v. Smith*, that "although counsel was no Clarence Darrow, [her] performance was not so lacking in competence as to fall short of the standard set down in *Strickland v. Washington*".[2] 735 F.2d 735, 738 (2d Cir.1984).

■ The *Strickland* standard requires that the error attributed to counsel be outside the realm of reasonable professional competence, and that the error must have been "so serious as to have deprived the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687, 104 S.Ct. at 2064. In reviewing an ineffective assistance of counsel claim, defendant must overcome the presumption that under the circumstances the challenged actions "might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. at 2066 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

■ Regarding the first prong of the *Strickland* standard, defense counsel's decision to waive an opening statement,[3] call no witnesses for the defense, and not seek

disclosure of the confidential informant at trial may be attributed to trial strategy. The Court should not "second guess matters of trial strategy simply because the chosen strategy was not successful." *Trapnell v. United States*, 725 F.2d 149, 155 (2d Cir.1983).

Counsel did, during her summation, point out the failure of the prosecution to call as witness the woman present during Journet's conversations with the undercover agent. Counsel also stressed the confidential informant's role and interest in the case in her cross-examination of the prosecution's witnesses.

Counsel requested a "missing witness" charge, to the effect that unfavorable inferences could be drawn from the People's failure to call either the informant or the woman witness. The trial judge denied that request, pointing out that defense counsel had failed to request production of the confidential informant throughout the trial.

Even if the Court concluded that counsel's decisions at trial were the result of error rather than trial strategy, such errors, weighed against the evidence presented at trial, would not satisfy the second prong of the *Strickland* standard.

The evidence demonstrated, beyond a reasonable doubt, that Journet sold the cocaine. He met with an undercover agent in a pre-designated public place, as members of the agent's undercover team watched nearby. Journet arrived with some of the cocaine and gave it to the agent. He then returned, of his own volition, one-half hour later, carrying the remainder of the promised four ounces. Journet was arrested as he held the payment for the cocaine in his hand.

Against such evidence, entrapment or agency defenses would have been the only logical route for defense counsel, had any evidence to support such defenses ever existed. Nowhere in the record can the

---

**2.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**3.** Petitioner does not enumerate this as part of his specific allegations. The Court raises this *sua sponte.*

Court find any evidence that would support the possibility of such a defense. The Court concludes that the outcome of Journet's trial would not have been different with other counsel, and that he was not deprived of the effective counsel at trial.

## II

■ Petitioner's second claim is that certain remarks made by the prosecutor during summation deprived him of a fair trial. Specifically, petitioner objects to the prosecutor's statements that "to take somebody who committed no crime at all and place him before you today—I would find that hard to believe," and "the fact that the defendant is here on trial today is not your fault nor the court's fault. It is the defendant himself who brought him where he is today ..."

These statements which petitioner alleges to have deprived him of a fair trial, however, were not objected to by defense counsel at trial. New York CPL § 470.05 requires such an objection in order to preserve a claim for appeal. In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Court held that a federal habeas petitioner who has failed to comply with a state's contemporaneous objection rule at trial must show both cause for the procedural default and resulting prejudice in order to obtain review of his defaulted procedural claim.[4] In *Murray v. Carrier*, —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Court made clear that a procedural default resulting from mere ignorance or inadvertence by counsel does not establish "cause" for a procedural default unless counsel's performance is found to be constitutionally ineffective under the *Strickland* Standard.[5]

Having already reviewed counsel's performance at trial and found it to be effective under *Strickland*, the Court concludes that it is therefore procedurally barred from reaching the merits of this issue.

## III

Petitioner's final claim is that the trial court denied him his right to due process by refusing to permit him either to discover the identity of the confidential informant or give a missing witness charge to the jury. These claims are without merit.

On the issue of the informant's identity, Journet's counsel made a pre-trial motion to discover that information. The record reflects, however, that that motion was apparently orally denied sometime before trial. The motion was never renewed at trial, as the trial judge acknowledged near the end of trial when he observed that, "to my knowledge, anyway, no request was ever made upon this Court to produce the informant" (Trial Transcript at 151).

■ The privilege protecting the identity of informants is regarded as a tool to improve effective law enforcement by encouraging the communication of knowledge of criminal activity. This privilege must give way, however, where disclosure of the informant's identity is relevant to the defense or essential to a fair trial. *Rovario v. United States*, 353 U.S. 53, 61–62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639 (1957). Factors that must be considered in determining whether disclosure should be ordered include the crime charged, possible

---

4. The Second Circuit generally adheres to the conclusion that when a state court affirms a conviction without opinion, the decision was based on procedural grounds where the State advanced both a procedural argument and claims on the merits. This conclusion that the appellate court did not reach the merits of the issue has certain exceptions, which were discussed in *Hawkins v. LeFevre*, 758 F.2d 866 (2d Cir.1985). In *Hawkins*, the court acknowledged its deference to the New York courts' exception to this rule in cases involving the deprivation of a fundamental constitutional right. *Id.* at 873.

Journet's claim, however, does not trigger such an exception.

5. The Court also points out that in *Murray v. Carrier*, —— U.S. ——, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986), the exhaustion of state court remedies prerequisite to habeas relief requires that an ineffective counsel claim have previously been presented to the state courts before it can be argued as "cause" for procedural default. Journet satisfied this requirement by filing a *pro se* supplemental brief on this issue before the New York Appellate Division.

defenses, possible significance of informant's testimony, and other relevant factors. *Id.* at 62, 77 S.Ct. at 628–29.

The fact that defense counsel did not pursue the issue of the informant's identity during Journet's trial leads the Court to conclude that counsel did not consider the specific identity of the informant crucial to Journet's defense.

 The informant's role, as revealed by the record, was limited. He was not present during conversations between Journet and the undercover agent, nor was he present during the drug sale. His role consisted of introducing the agent to Journet and later relaying a message to Journet to contact the agent. Where an informant was not a participant, but merely served to introduce the defendant to the undercover agent, disclosure is not required. *Hawkins v. Robinson,* 367 F.Supp. 1025 (1973).

No evidence suggests that the pre-trial denial of Journet's motion seeking disclosure was improper, and defense counsel did not present the trial judge with any opportunity to reconsider that motion.

Finally, regarding the trial judge's denial of defense counsel's request for a "missing witness" charge, such a charge is appropriate when a witness is peculiarly within the power of either the prosecution or defense and could give material testimony on an issue in the case. The decision as to whether a missing witness charge should be given lies in the sound discretion of the trial judge. *United States v. Miranda,* 526 F.2d 1319 (2d Cir.1975), *cert. denied,* 429 U.S. 821, 97 S.Ct. 69, 50 L.Ed.2d 82 (1976).

Here, the confidential informant was not present during any of the conversations between Journet and the undercover agent. Defense counsel did not, during the trial, seek disclosure of the informant's identity in order to subpoena him.

The evidence against Journet was substantial. In short, the role of this informant, as reflected in the record, was simply to act as a liaison between Journet and the agent. The Court finds no abuse of discretion by the trial judge in his refusal to give a missing witness charge under these facts.

For the foregoing reason, petitioner's petition for a writ of habeas corpus is denied. The petition is dismissed.

SO ORDERED.