**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5077

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

WILLIE JOE HARRISON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:07-cr-00552-HFF-1)

Submitted:  July 2, 2008                Decided:  July 18, 2008

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny E. Watson, Sr., WATSON LAW FIRM, Columbia, South Carolina,
for Appellant.  Kevin F. McDonald, Acting United States Attorney,
E. Jean Howard, Assistant United States Attorney, Greenville, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Willie Joe Harrison of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court sentenced him as an armed career criminal to a 220-month term of imprisonment. Harrison appeals his conviction on the ground that the evidence was insufficient to convict him because the Government offered only circumstantial evidence that he possessed the firearm and that such possession occurred after he became a convicted felon. Counsel also questions, pursuant to Anders v. California, 386 U.S. 738 (1967), whether the district court erred by classifying Harrison as an armed career criminal but states that there are no meritorious sentencing issues for appeal.[*] Finding no reversible error, we affirm.

We review de novo the district court's decision to deny a Fed. R. Crim. P. 29 motion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d

---

[*]We have reviewed the claims raised in Harrison's pro se supplemental brief and find them to be without merit.

785, 791 (4th Cir. 1984) (internal quotation marks and citation omitted). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "A defendant challenging the sufficiency of the evidence . . . bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks and citation omitted). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

With these standards in mind, we have carefully considered Harrison's claims. Our review of the trial testimony convinces us that the evidence was sufficient to convict Harrison of being a felon in possession of a firearm. See United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (setting forth elements of § 922(g)(1) offense). Accordingly, the district court did not err in denying Harrison's motion for judgment of acquittal.

Harrison also asserts, pursuant to Anders, that the district court violated his Sixth Amendment rights by sentencing

him as an armed career criminal because his prior convictions were not submitted to the jury and proved beyond a reasonable doubt. This claim is foreclosed by circuit precedent. See United States v. Cheek, 415 F.3d 349, 351-53 (4th Cir. 2005); see also United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). Thus, we find no error in the district court's classification of Harrison as an armed career criminal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Harrison's conviction and sentence. This court requires that counsel inform Harrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED