■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON M. CORNELL, Appellant. [794 NYS2d 226]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered March 28, 2001. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment of Ontario

County Court convicting him after a jury trial of two counts of rape in the first degree (Penal Law § 130.35 [1]). The rapes occurred on different dates and with different victims. Both rapes occurred in a motor vehicle that traveled from Ontario County to Monroe County. One rape occurred in Ontario County, and from the testimony it appears that the second rape occurred in Monroe County. By failing to move to dismiss the count of rape that occurred in Monroe County on the ground of improper venue or to request a jury charge on venue, defendant failed to preserve for our review (*see People v Pilgrim*, 52 NY2d 730, 732 [1980]; *People v Chohan*, 254 AD2d 124 [1998], *lv denied* 92 NY2d 1030 [1998]) and waived (*see People v Greenberg*, 89 NY2d 553, 556 [1997]; *see generally People v McLaughlin*, 80 NY2d 466, 471 [1992]) his present contentions that venue was not proper and that the court erred in its instructions to the jury (*cf. People v Ribowsky*, 77 NY2d 284, 292 [1991]; *People v Cullen*, 50 NY2d 168, 172 [1980], *rearg denied* 50 NY2d 1059 [1980]). Defendant further contends that it was a *Brady* violation and prosecutorial misconduct for the prosecutor not to disclose in a timely fashion that one of the rapes occurred in Monroe County. Neither the alleged *Brady* violation (*see People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]; *People v Kelly*, 309 AD2d 1149, 1151 [2003], *lv denied* 1 NY3d 575 [2003]) nor the prosecutorial misconduct contention (*see People v Hendricks*, 2 AD3d 1450, 1451 [2003], *lv denied* 2 NY3d 762 [2004]) has been preserved for our review. In any event, those contentions are without merit. "[E]vidence is not deemed to be *Brady* material when the defendant has knowledge of it or is in possession of it" (*People v Ahmed*, 244 AD2d 415, 415 [1997], *lv denied* 91 NY2d 888 [1998]). Here, defendant had knowledge of where both rapes were alleged to have occurred, and thus the evidence was not *Brady* material.

Contrary to the further contention of defendant, the court did not err in denying his motion to sever. Under the circumstances of this case, the offenses were joinable under CPL 200.20 (2) (b) because evidence of the rape against one victim would be material and admissible as evidence-in-chief upon the trial of the rape against the other victim, and, once the offenses were properly joined, the court lacked the statutory authority to sever (*see People v Fontanez*, 278 AD2d 933, 934-935 [2000], *lv denied* 96 NY2d 862 [2001]). "In any event, the offenses also were 'the same or similar in law' (CPL 200.20 [2] [c]), and defendant failed to show good cause for severance" (*Fontanez*, 278 AD2d at 935). Defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. We have reviewed the

remaining contention of defendant and conclude that it is without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Lawton and Hayes, JJ.