10-561-pr
Cornell v. Kirkpatrick

UNITED STATES COURT OF APPEALS

For the Second Circuit

—————————————————————

August Term, 2011

(Argued: August 23, 2011                    Decided: December 1, 2011)

Docket No. 10-561-pr

—————————————————————

JASON CORNELL,

*Petitioner-Appellant*,

—v.—

ROBERT KIRKPATRICK, Superintendent, Wende Correctional Facility, Alden, New York,

*Respondent-Appellee*.

—————————————————————

Before: NEWMAN, CABRANES, and STRAUB, *Circuit Judges*.

—————————————————————

Following affirmance of his conviction for two counts of rape in the first degree, state prisoner filed a petition for a writ of *habeas corpus* claiming ineffective assistance of counsel. The United States District Court for the Western District of New York (Michael A. Telesca, *Judge*), denied the petition. The state prisoner, who is currently serving two consecutive twelve-and-one-half-year sentences, appealed. He argues that he was denied his Sixth Amendment right to counsel on account of his trial counsel's failure to object, under New York law, to venue in Ontario County, New York, for one of the alleged rapes, which appears to have occurred in Monroe County, New York. Upon review, we hold that trial counsel's failure to object to venue resulted in the state prisoner receiving ineffective assistance of counsel and that the state court unreasonably applied clearly established federal law. Accordingly, we reverse the judgment of the District Court denying *habeas* relief and remand the case.

—————————————————————

SALLY WASSERMAN, New York, NY, *for Petitioner-Appellant*.

ASHLYN DANNELLY, Assistant Attorney General (Eric T. Schneiderman, Attorney General, *on the brief*, and Barbara D. Underwood, Solicitor General, and Roseann B. MacKechnie, Deputy Solicitor General, *of counsel*), State of New York, New York, NY *for Respondent-Appellee*.

———————————————

STRAUB, *Circuit Judge*:

Petitioner-Appellant Jason Cornell appeals from an order entered by the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*) denying and dismissing his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254(d)(1). Among other claims, Cornell argued that he was denied his Sixth Amendment right to counsel as a result of the ineffective performance of his trial counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Upon review, we conclude that trial counsel's failure to object to venue as to "Victim #2,"[1] when venue was improper, was an "'omission[ ] [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight.'" *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (quoting *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003)). Moreover, but for trial counsel's deficient performance, there is a "reasonable probability" that the outcome of the proceedings would have been different and that Cornell would not have been convicted of raping one of the two alleged victims. *See Strickland*, 466 U.S. at 694. Consequently, Cornell's Sixth Amendment right to effective assistance of counsel was violated. The conclusion of the Supreme Court of New York, Appellate Division, Fourth

[1] The District Court and the parties refer to the victim of the July 15–16, 2000, alleged rape as "Victim #2" and the victim of the July 18, 2000, alleged rape as "Victim #1." Although chronologically confusing, we adopt the same formulation for the purposes of this opinion.

Department—that Cornell received effective assistance of counsel—to the contrary "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, we reverse the judgment of the District Court denying *habeas* relief and remand the case. On remand, the District Court shall issue a writ of *habeas corpus* to Cornell by the sixtieth calendar day after the issuance of our mandate unless the District Attorney of Monroe County has, by that point, indicated an intention to retry Cornell for the alleged rape of Victim #2.

## BACKGROUND

Petitioner-Appellant Jason Cornell was convicted, after a jury trial in Ontario County, New York, of two counts of Rape in the First Degree pursuant to N.Y. Penal Law § 130.35(1).[2] These convictions stem from two separate incidents with two different female victims that occurred in the course of automobile trips in July 2000. On each trip, Cornell drove from Watkins Glen in Schuyler County, New York, to Rochester in Monroe County, New York, with a female companion, for the purpose of purchasing narcotics. During these drives, he allegedly stopped his car and raped his passenger.

The first alleged incident occurred on July 15, 2000, or in the early morning of July 16, when Cornell allegedly raped Victim #2. The day before the incident, Cornell invited Victim #2 to accompany him to Rochester to purchase narcotics. The next evening, Cornell picked up Victim #2 from her home, and they consumed alcoholic drinks and smoked marijuana while driving to Rochester. When they arrived, Cornell visited a house; upon returning from the

---

[2] Cornell was also charged with committing one act of Sodomy in the First Degree, now referred to in New York as "Criminal sexual act in the first degree," N.Y. Penal Law § 130.50(1). He was acquitted of this count by the jury.

house, he informed Victim #2 that the narcotics he intended to purchase would not arrive until the next morning. In response to this news, Cornell suggested to Victim #2 that they spend the night in the city, to which she acquiesced. They drove to a motel in the Rochester area, and Cornell parked the car in the motel's lot after noticing that there were no vacancies. The prosecution, in both its opening and closing statements, acknowledged that the motel was located in Monroe County, New York. In the motel parking lot, Cornell allegedly forced himself upon Victim #2 and raped her. Cornell and Victim #2 then spent the night in the car. The next morning, they returned to the house visited the previous night, where Cornell purchased narcotics. Cornell then drove Victim #2 back to her home in Watkins Glen. Victim #2 did not report to the police what happened until August 16, 2000, after she spoke to Victim #1, a friend, who confided that Cornell had allegedly forced himself upon her as well.

The second alleged rape occurred approximately three days after the first, on July 18, 2000, when Victim #1 accompanied Cornell to Rochester to purchase narcotics. Just as with the other victim, Victim #1 and Cornell consumed alcoholic beverages and smoked marijuana on the journey. Victim #1 testified that while en route to Rochester, Cornell attempted to inappropriately touch her. Cornell's actions scared Victim #1, and she called her friends to complain about Cornell's behavior while he was in a Rochester house, presumably purchasing narcotics. Cornell and Victim #1 did not spend the night in Rochester, but returned to Watkins Glen the same evening. During the drive back, Cornell brought Victim #1 to a secluded location in Ontario County, New York, where he allegedly raped her. Cornell then returned Victim #1 to her friend's house, located in Watkins Glen. After Cornell left, Victim #1 went to the hospital, where hospital staff used a "rape kit" and a police officer took her statement.

4

On October 27, 2000, Cornell was charged in a three-count indictment in Ontario County, New York.  Counts One and Two of the indictment, respectively, charged Cornell with raping and sodomizing Victim #1.  Count Three charged Cornell with the rape of Victim #2.  The Ontario County District Attorney alleged that, because the attack on Victim #2 occurred "in an automobile that traversed through Ontario County," he had jurisdiction to simultaneously prosecute both alleged raps—the one that occurred in Ontario and the one that occurred in Monroe—under New York Criminal Procedure Law § 20.40(4)(g) (the "private vehicle exception").  That provision states that "[a]n offense committed in a private vehicle during a trip thereof extending through more than one county may be prosecuted in any county through which such vehicle passed in the course of such trip."  N.Y. Crim. P. Law § 20.40(4)(g).  Cornell did not object to venue during the trial, but argued that the charges related to Victim #1 should have been severed from those associated with Victim #2 because "there [was] a substantial likelihood that a jury would be unable to separately consider the proof related to the separate offenses and [would] convict Mr. Cornell in the aggregate."  The trial court denied Cornell's request for severance, and the trial was held from March 19 until March 21, 2001, when the jury convicted Cornell on both rape counts and acquitted him of the sodomy count.  Cornell was sentenced as a second felony offender to twelve-and-a-half years of incarceration on each rape count, set to run consecutively.

Following his conviction, Cornell filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10, which was denied without analysis.[3]  He also appealed

---

[3] New York Criminal Procedure Law § 440.10(1) states that, "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that: . . . (h) The judgment was obtained in violation of a right of the

his convictions to the Appellate Division, Fourth Department, of the Supreme Court of the State of New York ("Appellate Division"). In his § 440.10 motion and on direct appeal, Cornell, represented by new counsel, argued for the first time that Ontario County was not the proper venue for the prosecution of the rape charge concerning Victim #2. Cornell's new counsel argued that, in *People v. Moore*, the New York Court of Appeals limited the application of Criminal Procedure Law § 20.40(4)(g) to cases where it is "impossible to determine in what county the offense occurred." 46 N.Y.2d 1, 8 (1978). Later in *People v. Greenberg*, the Court of Appeals explained that "the purpose of the private vehicle exception was to ensure a forum for prosecution in those cases where it was impossible to determine in what county an offense committed during an automobile trip actually occurred. Where the site of the crime could be identified, however, the statutory exception was unnecessary and, thus, inapplicable." *People v. Greenberg*, 89 N.Y.2d 553, 557 (1997) (citing *Moore*, 46 N.Y.2d at 7–8). At the time of trial, Cornell's counsel and the Ontario County prosecutor were ignorant of *Moore* and its effect on § 20.40(4)(g). Apparently, the trial court was also unaware of *Moore* as it made no mention of the case or its limitation on § 20.40(4)(g) to the parties. As such, along with his contention that § 20.40(4)(g) was improperly applied to his case, Cornell argued, in his reply brief to the Appellate Division, that he was denied effective assistance of counsel due to his trial counsel's "failure to . . . discover the existence of *People v. Moore* . . . and present it to the trial court."

The Appellate Division held that Cornell waived his challenge to venue because he did not raise the issue at trial. *People v. Cornell*, 17 A.D.3d 1010, 1011 (4th Dep't 2005) (hereinafter "*Cornell I*"). The Appellate Division noted that "[o]ne rape occurred in Ontario

defendant under the constitution of this state or of the United States."

6

County, and from the testimony it appears that the second rape occurred in Monroe County." *Id*. However, because Cornell "fail[ed] to move to dismiss the count of rape that occurred in Monroe County on the ground of improper venue or to request a jury charge on venue, [he] failed to preserve for . . . review and waived his . . . contentions that venue was not proper and that the court erred in its instructions to the jury." *Id*. (internal citations omitted). The Appellate Division also decided on the merits that Cornell "received effective assistance of counsel," but it did not provide a rationale for this holding. *Id*. (citing *People v. Baldi*, 54 N.Y.2d 137, 147 (1981)). Leave to appeal to the New York Court of Appeals was denied. *See People v. Cornell*, 5 N.Y.3d 805 (2005).

In 2006, Cornell sought a writ of *habeas corpus* in the United States District Court for the Western District of New York. The District Court denied Cornell's *habeas* application, holding that a majority of his claims were procedurally barred, and rejected on the merits Cornell's claim that he received ineffective assistance of counsel. Analyzing Cornell's ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the District Court found that Cornell's trial counsel was deficient in failing to take exception to the prosecutor's use of § 20.40(4)(g) to establish venue, but held that Cornell could not "demonstrate that he suffered prejudice as a result" because Victim #2's "equivocal testimony regarding where [Cornell] parked the car . . . may indeed have been sufficient to establish, by a preponderance of the evidence, that the county in which the crime occurred could not be conclusively determined per *Moore*." *New York ex rel. Cornell v. Kirkpatrick*, No. 06–CV–0734, 2010 WL 161429, at *5 (W.D.N.Y. Jan. 13, 2010) (hereinafter "*Cornell II*").

7

Although the District Court declined to issue a Certificate of Appealability ("COA"), we granted one on the issue of "whether Appellant was prejudiced by counsel's failure to object to venue in Ontario County where the offense committed against Victim #2 indisputably took place in Monroe County." We later expanded the scope of the COA to "include the issue of whether the Appellant's defense counsel provided ineffective assistance to him by failing to request that a venue charge be delivered to the jury."

## DISCUSSION

## I

We review *de novo* a district court's denial of a writ of *habeas corpus*. *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010), *cert. denied sub nom. Rosario v. Griffin*, 131 S. Ct. 2901 (2011). Although our review of constitutional issues is plenary, *see Lainfiesta v. Artuz*, 253 F.3d 151, 154 (2d Cir.), *cert denied sub nom. Lainfiesta v. Greiner*, 535 U.S. 1019 (2001), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a deferential standard such that, in order for Cornell to prevail on his *habeas* petition, he must show that the Appellate Division's adjudication of his ineffective assistance of counsel claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The "clearly established Federal law" underlying Cornell's claim is *Strickland v. Washington*, 466 U.S. 668 (1984), the landmark case defining the right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. *See Williams v. Taylor*,

529 U.S. 362, 390–91 (2000) (establishing *Strickland v. Washington* as "clearly established law" for the purposes of AEDPA).[4]

Pursuant to *Strickland*, to establish a claim of ineffective assistance of counsel, Cornell "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks omitted). Because we review Cornell's ineffectiveness claim under AEDPA, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Rosario*, 601 F.3d at 123 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, __, 129 S. Ct. 1411, 1420 (2009) (internal quotation marks omitted)). Following this principle of deference, *habeas* relief may not be granted merely upon a "conclusion that counsel's performance was constitutionally inadequate," *Carrion*, 549 F.3d at 591 n.4, rather, Cornell "must identify some increment of incorrectness beyond error in order to obtain *habeas* relief," *Jones v. West*, 555 F.3d 90, 96 (2d Cir. 2009) (internal quotation marks omitted). Nevertheless, "the increment of incorrectness beyond error need not be great; otherwise, *habeas* relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Georgison v. Donelli*, 588 F.3d 145, 154 (2d Cir. 2009) (quoting *Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006)) (quotation marks and internal brackets omitted) (italics added). Moreover, as the Appellate Division "summarily

---

[4] Cornell "is not required to further demonstrate that his particular theory of ineffective assistance of counsel is also 'clearly established.'" *Aparicio v. Artuz*, 269 F.3d 78, 95 n.8 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 391).

9

rejected" Cornell's ineffective assistance claim on the merits, "we must focus on the ultimate decisions of th[at] court[ ], rather than on the court['s] reasoning." *Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005) (quoting *Aeid v. Bennett*, 296 F.3d 58, 62 (2d Cir. 2002) (internal quotation marks omitted)); *see also Sellan v. Kuhlman*, 261 F.3d 303, 311–12 (2d Cir. 2001) ("[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.").

**II**

Before we may consider Cornell's *habeas* application, we must determine if he has exhausted all of his state remedies in pursuing his ineffective assistance of counsel claims. 28 U.S.C. § 2254(b)(1)(A). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir.), *cert. denied*, ___ S. Ct. ___, 2011 WL 4534718 (U.S. Oct. 3, 2011) (citations and alterations omitted). Cornell was required to present his ineffective assistance challenge in terms that were "likely to alert the [state] court[s] to the claim's federal nature." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (internal quotation marks omitted), *cert. denied*, 532 U.S. 943 (2001).

Cornell raised the issue of ineffective assistance of counsel for the first time in his reply brief to the Appellate Division. His arguments relied entirely on New York law. Because the decision on which he principally relied—*People v. Baldi*, 54 N.Y.2d 137 (1981)—predates

*Strickland v. Washington*, it cannot be convincingly argued that Cornell invoked the relevant standards of federal law. The New York state standard for ineffective assistance of counsel is notably different from the federal standard established by *Strickland*, *see Rosario*, 601 F.3d at 123–24, and the Appellate Division cited generally to *Baldi* and not to the Sixth Amendment to the United States Constitution in summarily denying Cornell's ineffective assistance of counsel claim.

Cornell's mere mention of "ineffective assistance of counsel" in a filing in the Appellate Division, without more, was insufficient to alert the New York courts to the possible federal basis of that claim. *See Baldwin v. Reese*, 541 U.S. 27, 32–34 (2004). However, while Cornell's deficient briefing leaves him vulnerable to our finding procedural default for his ineffective assistance claim, we note that the State of New York did not raise the issue of exhaustion or procedural default in its brief to our Court or at oral argument. More importantly, the State, in its brief before the District Court responding to Cornell's petition for *habeas* relief, expressly conceded that Cornell's main argument—that his trial counsel was ineffective for failing to object to venue as to Victim #2—had been exhausted in the state courts.

AEDPA provides that a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). Recently, in *Carvajal v. Artus*, we confronted a similarly erroneous concession. 633 F.3d at 105–06. In that case, we held that though the prosecutor "seem[ed] to make an erroneous concession regarding exhaustion[,]" the "equivocal wording" of the brief did not allow for a finding that the State "expressly waive[d]" the exhaustion requirement. *Id.* Thus, in deeming Carvajal's claim

11

unexhausted, we left open the possibility that were the State to unequivocally, yet still erroneously, concede that a defendant exhausted a claim in the state courts, we would consider that concession as an express waiver within the meaning of 28 U.S.C. § 2254(b)(3).  Such a waiver occurred here with regard to Cornell's claim that his trial counsel was ineffective for failing to object to venue.  The State's brief before the District Court conceded that Cornell "raised this claim in *federal constitutional terms* by alleging the deprivation of a right specifically protected by the constitution: the right to effective assistance of counsel" and that Cornell "exhausted this claim."

Although "AEDPA disfavors a state waiver of exhaustion," *Carvajal*, 633 F.3d at 106 (quoting *Lurie*, 228 F.3d at 123) (quotation marks omitted), the State consistently explained in its brief to the District Court that Cornell had exhausted this particular ineffective assistance of counsel claim under the Sixth Amendment to the United States Constitution.  Therefore, because the State explicitly waived its putative exhaustion argument, we may consider this claim on the merits, in spite of the fact that Cornell did not adequately alert the state courts to the claim's federal nature.[5]  *See Carvajal*, 633 F.3d at 106.

_____

[5] Before the District Court, the State explicitly argued that Cornell was procedurally barred from raising an ineffective assistance of counsel claim based on his trial counsel's failure to object to the jury instruction regarding venue.  While we expanded the original COA in this case to consider whether Cornell's counsel provided ineffective assistance *by failing to request that a venue charge be delivered to the jury*, we need not consider this issue independently on the merits.  In looking to the "exhausted" claim—whether Cornell's counsel provided ineffective assistance of counsel for failing to object to venue on the grounds that New York Criminal Procedure Law § 20.40(4)(g) was inapplicable in this case—we may consider whether trial counsel should have requested a venue charge explaining *Moore*'s limitation on the "private vehicle exception."  Had Cornell's counsel objected to venue, the trial court would have instructed the jury to find by a preponderance of the evidence that the County had properly established venue as to Victim #2 under the correct standard, applying *Moore* to § 20.40(4)(g).  *See generally Greenberg*, 89 N.Y.2d at 556.

12

**III**

**A**

We now turn to the merits of Cornell's claim that his trial counsel was ineffective for failing to object to venue in Ontario County for the portion of the indictment concerning Victim #2. To satisfy the first prong of the *Strickland* two-part test—the performance prong—the record must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks omitted). "Such errors include 'omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness.'" *Id.* (quoting *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003)).

The District Court found deficient performance on the part of Cornell's trial counsel. It stated that "trial counsel . . . acknowledged that [he was] unaware [of] the *Moore* decision and the limitation it placed on § 20.40(4)(g)." *Cornell II*, 2010 WL 161429, at *4. The District Court believed that this was "an error," but held that "despite counsel's deficiency in failing to take exception to the prosecutor's argument in favor of applying C.P.L. § 20.40(4)(g), [Cornell] cannot demonstrate that he suffered prejudice as a result." *Id.* at *5.

When the motions panel considered Cornell's request for leave to appeal, it left undisturbed the District Court's determination that Cornell's counsel was deficient by failing to challenge venue, but granted a COA to consider whether he "was prejudiced by counsel's failure to object to venue in Ontario County." Since Cornell has prevailed on his claim that trial counsel was deficient in not challenging venue, he had no reason to seek review of that ruling. Had the

13

State wished to challenge that aspect of the District Court's decision, it could have done so by seeking affirmance on the precise ground that counsel's failure to challenge venue did not render his performance constitutionally deficient.[6] The only claims we may address on this appeal are those the motions panel included in the COA.[7] *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000) (citing 28 U.S.C. § 2253(c)(3)). Thus, trial counsel's deficiency is outside the scope of the COA, and we need not reconsider the first prong of *Strickland*. *See Davis*, 428 F.3d at 86. Nonetheless, we agree with the District Court's finding that Cornell's counsel's failure to challenge venue "fell below an objective standard of reasonableness in light of prevailing professional norms," *Carrion*, 549 F.3d at 588 (internal quotation marks omitted), and briefly address this issue, if only to better inform our analysis of *Strickland*'s prejudice prong.

A defendant in New York has a right to be tried in the county where the alleged crime was committed unless the legislature has provided otherwise. *People v. Ribowsky*, 77 N.Y.2d 284, 291 (1991). The prosecution has the burden of establishing venue by a preponderance of the evidence, *see Greenberg*, 89 N.Y.2d at 555–56, and must "in good faith, elicit all facts tending to show the exact location where the crime was committed." *People v. Cullen*, 50 N.Y.2d 168, 174 (1980). The Ontario County District Attorney indicted Cornell for the alleged

---

[6] Like any appellee, the State was entitled to seek affirmance on any ground available in the record, *see Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993), and to do so need not have sought a COA, which is required only of those challenging detention, *see Blackman v. Ercole*, ___ F.3d ___, ___, 2011 WL 5084322, at *2 (2d Cir. Oct. 27, 2011), nor filed a cross-appeal, which is required only of those seeking to obtain additional relief, *see Alessi v. Quinlan*, 711 F.2d 497, 501 n.4 (2d Cir. 1983).

[7] We noted above that a second motions panel considered and granted Cornell's motion to expand the COA on the question of whether his trial counsel provided ineffective assistance of counsel by failing to request that a venue charge be delivered to the jury. As discussed in note 5, *supra*, this issue need not be discussed independently on the merits.

14

rape of Victim #2 under the theory that the "private vehicle exception" to venue, found in New York Criminal Procedure Law § 20.40(4)(g), allowed him to try the allegations of both victims simultaneously in Ontario even though the evidence suggested that one of the offenses occurred in Monroe County. Cornell's counsel objected to the joint trial, and asked for severance, but he did not object on the basis of improper venue. As discussed above, at the time of trial, the prosecutor, Cornell's counsel, and the trial court were all ignorant of the fact that, in *People v. Moore*, the New York Court of Appeals had limited the applicability of New York Criminal Practice Law § 20.40(4)(g) to cases in which it is "impossible to determine in what county the offense occurred." 46 N.Y.2d at 8. Had Cornell's counsel objected to venue on the basis of *Moore*, the trial court would have been required to submit the issue of venue to the jury and instruct it on the limitation imposed by *Moore* on § 20.40(4)(g). *See Cullen*, 50 N.Y.2d at 174.

The evidence presented at trial regarding the location of Victim #2's alleged rape indisputably shows that it occurred in Monroe County. We know this from Victim #2's testimony as well as from the Ontario County prosecutor's clear statements in both his opening and closing arguments conceding that the rape occurred in Monroe County.[8] In his opening statement, the Ontario County prosecutor explained, as to Victim #2's alleged rape: "as you will

[8] The State argues on appeal that the prosecutor was "mistaken" in his opening and closing statements and that Victim #2's testimony was "equivocal" as to the location of the alleged rape. The State offers no explanation as to why the prosecutor was "mistaken," but instead attempts to cast doubt on his opening and closing arguments by pointing to other possible locations, outside of Monroe County, for the location of the motel parking lot. We are concerned about the timing of this change in argument by the prosecution, coming only after it learned that *People v. Moore* might undermine its theory of venue. We remind the State that the prosecutor plays a special role in our society, unique from that of his adversary at the defendant's table. The prosecutor is "the representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Strickler v. Greene*, 527 U.S. 263, 281 (1999) (citing *Berger v. United States*, 295 U.S. 78, 88 (1935)).

15

hear, that crime occurred in the County of Monroe but it is prosecuted in Ontario County under the rules of Criminal Procedure Law." Then on direct examination, he asked Victim #2 where the alleged rape happened:

Prosecutor: Do you know which [motel] it was?

Victim #2: No.

Prosecutor: Do you know where it was?

Victim #2: Somewhere in Rochester or somewhere in [the] outskirts.

Prosecutor: Still in–in this area of the city?

Victim #2: Yeah.

Relying on this testimony, in his closing argument, the prosecutor repeated, regarding the alleged rape of Victim #2: "[t]hat occurred in Rochester." The Appellate Division agreed with the prosecutor that the rape of Victim #2 occurred in Monroe County. *See Cornell I*, 17 A.D.3d at 1011.

Trial counsel's decision not to object to venue in Ontario County for the charge associated with Victim #2 was an "omission[ ] [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight." *Wilson*, 570 F.3d at 502 (quotation marks omitted). We have two pieces of evidence that demonstrate that trial counsel's decision to leave venue unchallenged as to Victim #2 was neither intentional nor part of his trial strategy, but instead arose from an oversight. First, he swore an affidavit stating that he "did not know whether § 20.40[(4)(g)] was applicable to [Cornell's] case, and . . . . do[es] not recall researching this legal issue either before or during [Cornell's] trial." Second, we may infer that Cornell's counsel would have objected to venue had he known the relevant law. His counsel

16

moved to sever the indictment in an attempt to ensure that the allegations involving Victim #2 were tried separately from those involving Victim #1.  In a motion before the trial court, Cornell's counsel wrote that "[f]ailure of the Court to sever Counts 1 and 2 [Victim #1] from Count 3 [Victim #2] for trial purposes would be severely prejudicial to Mr. Cornell in that there is a substantial likelihood that a jury would be unable to separately consider the proof related to the separate offenses and [could] convict Mr. Cornell in the aggregate."  Therefore, a strong inference can be made that had Cornell's counsel known that the "private vehicle exception" was inapplicable in this case, he would have objected to venue in order to ensure that the charges related to Victim #1 were tried separately from those related to Victim #2 and in different counties.

The District Court found that trial counsel's failure to "take exception to the prosecution's [theory of venue]" rendered him "deficien[t]."  *Cornell II*, 2010 WL 161429, at *5. This holding is entirely consistent with our precedents because Cornell's counsel admits that his actions were a result of an omission and cannot be viewed objectively as sound trial strategy. For example, in *Cox v. Donnelly*, 432 F.3d 388, 390–91 (2d Cir. 2005) (hereinafter "*Cox II*"), after remand to the district court for a hearing on why trial counsel did not object to a faulty jury instruction, we upheld an earlier grant of *habeas* relief, *Cox v. Donnelly*, 387 F.3d 193 (2d Cir. 2004) (hereinafter "*Cox I*").  We affirmed the district court's finding that counsel's performance was deficient because:

17

"(1) he never made any strategic decision to forego objection to this instruction, (2) he did not challenge the trial court's . . . instructions because he did not then know that they were illegal under state and federal law, (3) he mistakenly believed that the trial court's instruction had been drawn from the 'New York State charge book,' and (4) had he been aware of the unconstitutional nature of the instruction, he would have lodged an objection to it."

*Cox II*, 432 F.3d at 390 (footnote omitted).

Viewing Cornell's case through the lens of *Cox I* and *II*, it is clear that the District Court got the first prong right. Cornell's counsel admitted that he did not research New York venue law but now knows "the facts and circumstances alleged by the prosecution in the indictment and subjected to testimony during [Cornell's] trial did not support the application of § 20.40[(4)(g)] to [Cornell's] case." As in *Cox I* and *II*, the trial court in this case gave an erroneous jury instruction that violated the law, *People v. Moore*, 46 N.Y.2d 1 (1978), and trial counsel "inexcusably and prejudicially" failed to object to the instruction. *Cox I*, 387 F.3d at 197. Again as in *Cox I*, "[t]he state concedes that the instruction was erroneous," *id.*; *Cornell II*, 2010 WL 161429, at *4. It follows that trial counsel's failure to object to venue constituted objectively unreasonable performance. *See Carrion*, 549 F.3d at 588 ("A defendant claiming ineffective assistance must . . . demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms . . . ." (internal quotation and punctuation marks omitted)).

**B**

In order for Cornell to "affirmatively prove prejudice," under the second prong of the *Strickland* test, *see Carrion*, 549 F.3d at 588, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Id.* The District Court's determination that Cornell did not satisfy *Strickland*'s prejudice prong is a mixed question of law and fact. *Id.* at 698. "We review mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Davis v. Greiner*, 428 F.3d at 91 (quoting *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005)) (internal quotations omitted).

The District Court held that Cornell was not prejudiced by his counsel's deficiency because "had defense counsel requested that the issue of venue be submitted to the jury, it is unlikely that the jury would have found that venue was improper in Ontario County pursuant to the private vehicle trip statute." *Cornell II*, 2010 WL 161429, at *5. Reasoning that Victim #2 "was unfamiliar with Rochester" and "under the influence of drugs" at the time of the alleged rape, the District Court decided that Victim #2's testimony was "equivocal" and "may indeed have been sufficient to establish, by a preponderance of the evidence, that the county in which the crime occurred could not be conclusively determined per *Moore*," and, thus, that Cornell did not demonstrate prejudice. *Id.*

The District Court erred in concluding that Cornell was not prejudiced by his trial counsel's deficiency. The District Court's factual determination—that Victim #2's "equivocal" testimony would have made it likely for the jury to conclude that Ontario County was the proper venue, even after considering a timely objection relying on *Moore*—was clearly erroneous. Had Cornell's counsel objected, the record demonstrates that the jury, appropriately instructed as to venue, would have easily found by a preponderance of the evidence that the rape occurred in

19

Monroe County and that, therefore, the "private vehicle exception" did not apply in this case and Ontario County should not have exercised venue over Victim #2's allegations.[9]

The information presented to the jury regarding where Victim #2's alleged rape happened was far from "equivocal." First, the prosecutor made two unequivocal concessions, in both his opening and closing statements, that the alleged rape occurred in Monroe County. Second, while it is true that Victim #2 may have been impaired by alcohol and marijuana on the evening of the alleged incident, her testimony on where the alleged rape transpired is clear. She testified that the motel parking lot was "in Rochester" or its "outskirts" but still in the "area of the city." The Ontario County prosecutor permitted the prosecution of Cornell for the rape of Victim #2 to proceed on the erroneous theory that the "private vehicle exception" applied to Cornell's case, and he did not further question Victim #2 as to the location of the alleged rape because, presumably, he was satisfied that her direct testimony established that the crime occurred either in or near the City of Rochester, Monroe County, New York.

From this record, we are convinced that had Cornell's counsel made a timely objection to venue, the jury would have found by at least a preponderance of the evidence that Victim #2's alleged rape happened in Monroe County. *See generally Greenberg*, 89 N.Y.2d at 556. This is consistent with the Appellate Division's conclusion that "from the testimony it appears that [Victim #2's] rape occurred in Monroe County." *Cornell I*, 17 A.D.3d at 1011. On *habeas*

---

[9] By pleading "not guilty," Cornell triggered the prosecutor's burden of proving that Ontario County was the proper venue, and this issue became a question for the jury. *See People v. Greenberg*, 89 N.Y.2d at 556. While Cornell's counsel erroneously waived the issue at trial, New York law provides that so long as he objected to venue prior to the jury's deliberation, the issue could have been properly submitted to the jury to decide whether it was possible to determine where Victim #2's alleged rape occurred. *Id.*

20

review, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Accordingly, § 20.40(4)(g) should not have applied to Cornell's prosecution for the rape of Victim #2 because it was not "impossible to determine in what county" the alleged rape occurred. *See Moore*, 46 N.Y.2d at 8.

Although Cornell's trial counsel presented an opening and closing statement, cross-examined witnesses, and presented a defense case with three witnesses, the fact remains that he was completely ignorant of the venue law in New York, as a result of which Cornell was tried and convicted in a single trial in Ontario County for both of the alleged rapes—a joint trial on both charges of rape that Cornell's trial counsel had clearly stated would be prejudicial to his client. The possibility of prejudicial "spillover" from a trial on both charges of rape was evident to Cornell's trial counsel from the beginning.[10] The prosecution's case for Victim #2 was based entirely on her testimony, and the evidence gathered with regards to Victim #2 was comparatively less compelling than the evidence presented concerning Victim #1. Victim #2's allegations were not supported by physical evidence or corroborating witnesses, as were the allegations of Victim #1. Furthermore, Victim #2 did not report the alleged rape until a month after the incident, and she did so only after speaking with her friend, Victim #1. By failing to object to venue, trial counsel allowed the stronger evidence presented as to Victim #1's alleged rape to be heard contemporaneously with the weaker evidence concerning Victim #2.

---

[10] The State argues that Cornell has waived the issue of "spillover" prejudice by not raising it in the District Court. However, a cursory examination of Cornell's *habeas* petition indicates that he intended to pursue the argument his various attorneys had made since he was first indicted: that severance of the two rape counts was crucial to prevent the jury from being "unfairly affected by the cumulative evidence sought to be introduced by the People."

21

Considering the prosecution's clear statements to the jury that the alleged rape occurred in Monroe County, Victim #2's testimony, the relative weakness of the prosecution's case with regards to Victim #2 as compared to Victim #1, and Cornell's trial counsel's admission that he was ignorant of *Moore*'s limitation on § 20.40(4)(g), we are convinced that, had Cornell's trial counsel not provided deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. If Cornell's counsel had objected to venue, "there is a reasonable probability" that the charges stemming from Victim #2's alleged rape would have been dismissed. *See id.* As a result of trial counsel's errors, our confidence in the result of the trial is sufficiently undermined to find that Cornell has "affirmatively prove[d] prejudice." *Carrion*, 549 F.3d at 588 (internal quotation marks omitted); *see also Wilson*, 570 F.3d at 507. Therefore, Cornell satisfies the prejudice prong of the *Strickland* two-part test.

**C**

In summarily denying Cornell's ineffective assistance claim, the Appellate Division cited generally to *People v. Baldi*, 54 N.Y.2d 137, 147 (1981), which articulates New York's standard for considering ineffective assistance of counsel. *See Cornell I*, 17 A.D.3d at 1011; *see generally Henry v. Poole*, 409 F.3d 48, 69–70 (2d Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006). As discussed in Section II, *supra*, this citation is hardly surprising considering that Cornell situated his ineffective assistance claims in terms of New York law. However, the State having expressly waived the argument that Cornell's federal ineffective assistance of counsel claim was unexhausted in the state courts, *see* Section II, *supra*, we now consider whether the Appellate Division's holding that Cornell received effective assistance of counsel "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

22

as determined by the Supreme Court of the United States."[11]  28 U.S.C. § 2254(d)(1).

Cornell's trial counsel's performance fell below an objective standard of reasonableness, and Cornell affirmatively proved that he was prejudiced by counsel's deficient representation. *See* Section III, A–B, *supra*.  In properly considering this case under AEDPA, we must also find that the Appellate Division's holding that Cornell received effective assistance of counsel "reflect[s] some additional increment of incorrectness such that it may be said to be unreasonable."  *Cox I*, 387 F.3d 193, 200 (2d Cir. 2004) (quoting *Aparicio*, 269 F.3d at 94) (quotation marks omitted).  Again, "the increment of incorrectness beyond error need not be great."  *Georgison v. Donelli*, 588 F.3d at 154 (internal quotation marks and brackets omitted).

In this case, Cornell's counsel, for no strategic reason, did not raise a likely meritorious challenge to venue and thus allowed for the allegations of both victims to be tried simultaneously.  The Appellate Division recognized that the evidence indicated that Victim #2 was allegedly raped in Monroe County, but because trial counsel "fail[ed] to move to dismiss the count of rape that occurred in Monroe County on the ground of improper venue or to request a jury charge on venue, [Cornell] failed to preserve for . . . review his . . . contentions that venue was not proper."  *Cornell I*, 17 A.D.3d at 1011.  This failure occurred because trial counsel did not research the prosecutor's theory of venue prior to trial.  It is implicit in the Appellate Division's factual finding—that Victim #2's alleged rape occurred in Monroe County—that New York Criminal Procedure Law § 20.40(4)(g) did not apply to this case because that statute's

---

[11] New York's two-part test for ineffective assistance of counsel under its state constitution differs from the federal *Strickland* standard, *Rosario*, 601 F.3d at 123–24; however, we have held that New York's standard is "not contrary to the *Strickland* standard," *id*. at 124. Therefore, "[t]he only avenue of reprieve available to [Cornell] then is to establish that the state court unreasonably applied *Strickland*."  *Id*. at 126.

23

applicability is limited to cases where it is "impossible to determine in what county the offense occurred." *Moore*, 46 N.Y.2d at 8. Consequently, had Cornell's counsel objected to venue, there is a reasonable probability that "the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, and Cornell would have had the advantage of the severed trial that his trial counsel desired.

In essence, the Appellate Division says in the same breath: Victim #2's alleged rape occurred in Monroe County; Cornell's trial counsel waived Cornell's right to be tried in the county where the alleged crime was committed, *see Ribowsky*, 77 N.Y.2d at 291, and thus the opportunity to effectively sever the charges against Cornell; but Cornell nonetheless received effective assistance of counsel. We disagree with this final conclusion, and hold that it is an unreasonable application of *Strickland*. The Appellate Division's holding, in spite of its implicit finding that venue was improper in Ontario County, that Cornell received "effective assistance of counsel," *Cornell I*, 17 A.D.3d at 1011, establishes an "additional increment of incorrectness," *Aparicio*, 269 F.3d at 94, permitting us to conclude that the rejection of Cornell's ineffective assistance of counsel claim "involved an unreasonable application of[ ] clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). As a result, Cornell's petition for *habeas corpus* will be granted as to the portion of the indictment concerning Victim #2.[12]

_____

[12] Although Cornell has established that his trial counsel provided ineffective assistance, it is not necessary to vacate Cornell's conviction for the rape of Victim #1 due to any alleged "spillover." *See* note 10, *supra*. There is "overwhelming" evidence proving his guilt on that count. *See Wise v. Smith*, 735 F.2d 735, 739 (2d Cir. 1984). The evidence indicating that Cornell raped Victim #1 is strong: She immediately informed friends and the police about the rape, she was examined by a physician who found evidence consistent with her claim that she had recently been subjected to non-consensual intercourse, and most importantly, physical evidence left on Victim #1 tied Cornell to the rape. Unlike the conviction for the rape of Victim #2, there is no

24

In granting this petition, we recognize that there is no doubt that Cornell may be retried and "prosecuted for the rape of Victim #2 in Monroe County." *Cornell II*, 2010 WL 161429, at *5 n.6 (citing N.Y. Crim. P. Law § 210.20(4)). Unlike the District Court, however, we see no reason to speculate on a second trial's outcome. Furthermore, it is ordinarily our practice, when we have found potential merit in a claim that counsel has provided constitutionally ineffective assistance, to offer counsel "an opportunity to present evidence, in the form of live testimony, affidavits, or briefs," *Cox I*, 387 F.3d at 201 (internal quotation marks omitted), to explain his conduct. *See Sparman v. Edwards*, 154 F.3d 51 (2d Cir. 1998). We conclude that no such hearing is necessary in this case. The record contains an affidavit from Cornell's trial counsel explaining that he was ignorant of *Moore* at the time of trial because he did not research the relevant law concerning the limitations of the "private vehicle exception." *See Henry*, 409 F.3d at 72.

**CONCLUSION**

We hold that it was an unreasonable application of *Strickland* for the Appellate Division to deny Cornell's claim of ineffective assistance of counsel. Accordingly, we (1) reverse the judgment of the District Court, and (2) remand the case. On remand, the District Court shall issue a writ of *habeas corpus* to Cornell by the sixtieth calendar day after the issuance of our

---

"'reasonable probability' that the outcome of the trial would have been different" as to Victim #1 had the State been prevented from introducing the evidence of Victim #2's rape. *Wise*, 735 F.2d at 739 (quoting *Strickland*, 466 U.S. at 694); *Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991). *See also United States v. Simels*, 654 F.3d 161, 171 (2d Cir. 2011) (petitioner faces an "'extremely heavy burden'" when arguing that prejudicial spillover necessitates a new trial) (quoting *United States v. Griffith*, 284 F.3d 338, 351 (2d Cir. 2002)); *United States v. Hamilton*, 334 F.3d 170, 182 (2d Cir.), *cert. denied*, 540 U.S. 985 (2003) (key consideration in determining whether prejudicial spillover requires vacatur of remaining count is the relative strength of the government's remaining evidence on that count).

mandate unless the District Attorney of Monroe County has, by that point, indicated an intention to retry Cornell for the alleged rape of Victim #2.  Cornell's conviction for Rape in the First Degree pursuant to N.Y. Penal Law § 130.35(1) as to Victim #1 is left undisturbed by this decision.

The mandate shall issue forthwith.  If further proceedings arising from Cornell's *habeas* petition are required in this Court, the parties shall inform the Clerk of this Court by letter. Jurisdiction will then be automatically restored to this Court without need for a new notice of appeal.  *See United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir. 1994).