12-1245-pr (L)
*Santiago v. Laclair*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
      *Circuit Judges*,

—————————————————————

JOHN SANTIAGO,

    *Plaintiff-Appellant*,

      v.

D. LACLAIR, DAVID UNGER, SUPERINTENDENT,

    *Respondents-Appellees*.

—————————————————————

Nos. 12-1245-pr; 13-2216-pr; 13-658-pr

**FOR PLAINTIFF-APPELLANT:**      SALLY WASSERMAN, New York, NY.

**FOR RESPONDENT LACLAIR:**      CARRIE A. CIGANEK, Senior Assistant District Attoney, for Thomas P. Zugibe, District Attorney, Rockland County, New City, NY.

**FOR RESPONDENT UNGER:**          PAUL BERNARD LYONS, Assistant Attorney
                                   General, for Eric Schneiderman, Attorney
                                   General of New York, New York, NY.


Appeal from a February 22, 2012 judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*; George A. Yanthis, *Magistrate Judge*), and a January 23, 2013 judgment, and May 13, 2013 Order, of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Courts be **AFFIRMED**.


In this consolidated appeal, Plaintiff John Santiago appeals from two judgments of two different District Courts, both denying his petition for a writ of habeas corpus. His habeas petition in the Southern District of New York was based on three arguments, and on July 5, 2012, we granted a certificate of appealability on one of those claims, namely, "whether petitioner was denied effective assistance of counsel in pleading guilty based on his counsel's alleged failure to advise him that any term of imprisonment would run consecutively to his undischarged time." Dkt. 26. Additionally, on August 22, 2013, we granted Santiago a certificate of appealability on the issue he raised in his habeas petition in the Western District of New York, namely, "whether the state court unreasonably applied *Morrissey v. Brewer*, 408 U.S. 471 (1972), in determining that Appellant's sentence for violating his parole, did not violate due process." Dkt. 105. We assume familiarity with the underlying facts and procedural history of this case.

"We review *de novo* a district court's denial of a petition for a writ of habeas corpus." *Epps v. Poole*, 687 F.3d 46, 50 (2d Cir. 2012). As established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the writ may not issue for any claim adjudicated on the merits by a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "The state court's findings of fact are presumed to be correct unless the petitioner can rebut this presumption by clear and convincing evidence." *Epps*, 687 F.3d at 50. The petitioner bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights were violated. *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997).

## A. Ineffective Assistance of Counsel Claim

For claims predicated upon the alleged ineffective assistance of counsel, the clearly established federal law that we must apply is the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *See Cornell v. Kirkpatrick*, 665 F.3d 369, 374-75 (2d Cir. 2011). "Pursuant to *Strickland,* to establish a claim of ineffective assistance of counsel, [a petitioner] must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in

light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Id.* at 375 (internal quotation marks omitted). Because of the enhanced layer of deference to the state court afforded by AEDPA, "the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold," and "*habeas* relief may not be granted merely upon a conclusion that counsel's performance was constitutionally inadequate," but rather defendant "must identify some increment of incorrectness beyond error in order to obtain *habeas* relief." *Id.* (internal quotation marks, brackets, and citations omitted).

Santiago argues that his counsel rendered ineffective assistance by failing to disclose to him all of the consequences of pleading guilty to a felony under New York law while on parole for a previous felony offense. Santiago alleged counsel failed to advise him that he would automatically be sentenced to a consecutive term of any undischarged portion of his sentence on his 1992 conviction. Thus, he was subject to a term of more than 8 years, constituting the undischarged portion of his previous sentence, in addition to the 1.5 to 3-year term that he expected to receive as a result of his guilty plea. Santiago claims that, had he known that as a result of pleading guilty he would be automatically subject to the undischarged term, he would not have pleaded guilty.

Santiago asserts that the District Court erred in denying his habeas petition because the Magistrate Judge erred in "reasoning that a finding of ineffectiveness in the context of a plea may only be based upon a 'direct' consequence of the plea" and in concluding that the Supreme Court had yet to address which consequences of a plea were direct and which were collateral. Appellant's Br. 29. Santiago bases his argument on the Supreme Court's decisions in *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *Hill v. Lockhart*, 474 U.S. 52 (1985). We see nothing in these cases supporting Santiago's position that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In *Hill*, the Court "f[ound] it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel" because the defendant had failed to show prejudice. 474 U.S. at 60.

In *Padilla*, the Supreme Court held that counsel had been ineffective for failing to advise the defendant that he would face almost certain deportation upon entering his guilty plea. Noting that the Kentucky Supreme Court held the Sixth Amendment protections of counsel not to extend to "collateral" consequences of a plea, the Supreme Court noted that it had "never applied a distinction between direct and collateral consequences" for ineffective assistance of counsel claims, and then stated that "[w]hether that distinction is appropriate is a question we need not consider in this case because of *the unique nature of deportation*." 559 U.S. at 365 (emphasis supplied). The Court's holding was narrow, based upon the particular characteristics of the deportation penalty, including its "severity . . . [as] the equivalent of banishment or exile," *id.* at 373 (internal quotation marks omitted), "the concomitant impact of deportation on families living lawfully in this country," *id.* at 374, and the fact that "'[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence," *id.* at 368 (internal quotation marks omitted).

*Padilla*'s narrow holding, limited specifically to the unique penalty of deportation, affords little support to Santiago. Furthermore, the Court held in *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013), that the rule announced in *Padilla* did not apply retroactively to defendants whose convictions became final prior to that 2010 decision. The New York judgment against Santiago was dated February 5, 2007, and the proceedings related to his attempt to vacate the conviction took place later in 2007 and in 2008. Thus, even if *Padilla* could be construed to support Santiago's claim, he may not rely on it here. Finally, under our precedent in *United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908, 915 (2d Cir. 1990), "[c]ertain possible consequences of a guilty plea are 'collateral' rather than direct and need not be explained to the defendant in order to ensure that the plea is voluntary," and an example of such a 'collateral' consequence is "parole eligibility or revocation." Although *Padilla* casts doubt on this Second Circuit holding with regard to deportation, we see nothing in *Padilla* to suggest that it does not apply to the imposition of the undischarged sentence.

Upon a review of the record, and having had the opportunity to re-visit the claim of ineffective assistance of counsel, we do not think that Santiago has met the high standard established by AEDPA for habeas relief, substantially for the reasons articulated by the District Court in its judgment of February 22, 2012, adopting in full the November 9, 2010 Report and Recommendation of the Magistrate Judge.

### B.  Due Process Claim

Santiago's due process claim objects to the Division of Parole's automatic revocation of his parole under New York Executive Law § 259-i(3)(d)(iii) as a result of his 2007 felony conviction. Specifically, Santiago complains that the Division of Parole was obliged under the Due Process Clause of the Fourteenth Amendment, and the Supreme Court's decision in *Morrissey v. Brewer*, 408 U.S. 471 (1972), to hold a final revocation hearing to determine the time, if any, that he should be required to serve from the undischarged portion of his 1992 sentence.

Under *Morrissey*, one subject to parole revocation based upon allegations that the terms of parole were violated is entitled to certain due process rights. Most relevant, in *Morrissey*, the Supreme Court held that "[t]here must . . . be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that *circumstances in mitigation suggest that the violation does not warrant revocation*." *Morrissey*, 408 U.S. at 487-88 (emphasis supplied). Santiago argues that it is contrary to *Morrissey* for New York to mandate that he serve his entire undischarged sentence without a hearing to determine if there are mitigating circumstances warranting a shorter term, or if society would be served by a shorter term.

For the constitutional right Santiago asserts, however, *Morrissey* does not constitute clearly established Supreme Court precedent that satisfies AEDPA's high standard, because the Supreme

Court has limited its application to circumstances in which revocation of parole was discretionary rather than automatic. In a later Supreme Court decision, *Black v. Romano*, 471 U.S. 606 (1985), the Court stated:

> *Neither Gagnon* [*v. Scarpelli*, 411 U.S. 778 (1973)] nor *Morrissey* considered a revocation proceeding in which the factfinder was required by law to order incarceration upon finding that the defendant had violated a condition of probation or parole. Instead, those cases involved administrative proceedings in which revocation was at the discretion of the relevant decisionmaker. Thus, the Court's discussion of the importance of the informed exercise of discretion *did not amount to a holding that the factfinder in a revocation proceeding must, as a matter of due process, be granted discretion to continue probation or parole.* Where such discretion exists, however, the parolee or probationer is entitled to an opportunity to show not only that he did not violate the conditions, but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition.

*Black*, 471 U.S. at 612-13 (internal citations omitted; emphasis supplied). Santiago's attempts to distinguish *Black* are unpersuasive, and we hold that Santiago has not satisfied his strict burden under AEDPA of showing that the state court unreasonably applied "clearly established" federal law or Supreme Court precedent.

## CONCLUSION

We have considered all of Santiago's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** both the February 22, 2012 judgment of the United States District Court for the Southern District of New York, and the January 23, 2013 judgment and May 13, 2013 Order of the United States District Court for the Western District of New York.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5