20-1692-cr
*United States v. Nunez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             JOSEPH F. BIANCO,
                         *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                 *Appellee*,                                        20-1692-cr

                 v.

MARTIN SEMLING NUNEZ, AKA CHICHO,[*]

                 *Defendant-Appellant.*

---

FOR APPELLEE:                          ANDREW ROHRBACH, Assistant United States Attorney, Audrey Strauss, United States Attorney for the Southern District of New York, Anna M. Skotko, Assistant United States Attorney (*on the brief*), New York, NY.

---

[*] The Clerk of the Court is directed to amend the caption as above.

**FOR DEFENDANT-APPELLANT:**                    EDWARD ZALOBA, Forest Hills, NY

Appeal from an April 30, 2020 order of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Martin Smeling Nunez ("Nunez") appeals an April 30, 2020 order of the District Court denying his petition for a writ of error *coram nobis* ("Petition") to vacate his October 22, 2008 guilty plea and conviction of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) & (B), and 846. Nunez seeks vacatur on the grounds that he was prejudiced by ineffective assistance of counsel in violation of his rights under the Sixth Amendment of the United States Constitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Nunez became a naturalized citizen of the United States on January 11, 2008. On June 24, 2016, the United States Attorney's Office for the Eastern District of New York initiated denaturalization proceedings against Nunez based on (1) those criminal acts in furtherance of the drug conspiracy that Nunez committed before his naturalization and (2) Nunez's procuring of naturalization by willful misrepresentation and concealment of those disqualifying criminal acts. Nunez asserts that his attorney in the criminal proceeding falsely assured him that he faced no immigration consequences from his guilty plea because he was (at the time of the prosecution) a United States citizen. But for this erroneous advice, Nunez argues, he would have advised his attorney to negotiate a plea that would not require him to admit to criminal acts before in the five years preceding his naturalization on January 11, 2008.

The District Court held that Nunez failed to carry his burden to affirmatively show prejudice from his attorney's alleged misconduct.[1] According to the District Court, Nunez failed to show that he had a realistic chance of obtaining acquittal if he had proceeded to trial, that he could have avoided admitting to his pre-naturalization criminal conduct without receiving a substantially longer prison term, or that the Government would have entertained a plea arrangement that ignored his pre-naturalization criminal conduct.

---

[1] *See Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011).

We review *de novo* a district court's denial of a petition *coram nobis* as to the legal standards applied but review "the court's ultimate decision to deny the writ" for abuse of discretion.[2] Here we hold that the District Court did not abuse its discretion in concluding that Nunez failed to show prejudice from his attorney's alleged misconduct. Therefore, substantially for the reasons stated by the District Court, we affirm the order of April 30, 2020. We express no opinion on the Government's theory that denaturalization is a "collateral" consequence of criminal conviction that falls outside the ambit of the Sixth Amendment right to counsel.

## CONCLUSION

We have considered all of Nunez's arguments on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 30, 2020 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] *Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019).