12-2870-cv
*Guinyard v. Kirkpatrick*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

PRESENT:

 JOSÉ A. CABRANES,
 SUSAN L. CARNEY,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges.*

_____

LAWRENCE GUINYARD,

  *Petitioner-Appellant,*

  v.                                          No. 12-2870-cv

ROBERT KIRKPATRICK, SUPERINTENDENT, WENDE
CORRECTIONAL FACILITY; ATTORNEY GENERAL OF
NEW YORK,

  *Respondents-Appellees.*

_____

**FOR PETITIONER-APPELLANT:**          Randolph Z. Volkell, Merrick, NY.


**FOR RESPONDENTS-APPELLEES:**         Donna A. Milling, Assistant District
                                       Attorney, *for* Frank A. Sedita, III,

District Attorney of Erie County, Buffalo, NY.

Appeal from a June 29, 2012 judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Petitioner Lawrence Guinyard was convicted in New York State Supreme Court, Erie County, after trial by jury, of murder in the second degree in violation of N.Y. Penal Law § 125.25[1] and criminal possession of a weapon in the third degree in violation of N.Y. Penal Law § 265.02[1]. Judgment was entered on August 6, 2008, and Guinyard was sentenced principally to a term of imprisonment of twenty-five years to life. The Appellate Division, Fourth Department, affirmed the judgment of conviction. Guinyard then sought habeas corpus review of his conviction in the District Court, which denied his application and declined to issue a certificate of appealability. On November 20, 2012, we granted a certificate of appealability as to the question of ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"We review *de novo* a district court's denial of a writ of *habeas corpus*." *Cornell v. Kirkpatrick*, 665 F.3d 369, 374 (2d Cir. 2011). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to prevail on a *habeas* petition, a defendant must show "that the Appellate Division's adjudication of his ineffective assistance of counsel claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (quoting AEDPA, 28 U.S.C. § 2254(d)(1) (internal quotation marks omitted)).

For ineffective assistance of counsel claims, the relevant standard had earlier been established by *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* requires that "a defendant claiming ineffective assistance must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks, alterations, and citation omitted).

When applying AEDPA to ineffective assistance of counsel claims, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Rosario v. Ercole,* 601 F.3d 118, 123 (2d Cir. 2010) (internal citation omitted).

During jury selection, Guinyard's counsel received two police reports detailing complaints the victim had made to her husband about her neighbors. One report detailed a recorded phone call between the victim and her husband that took place the night before she was murdered, during which they discussed general problems she had been having with her neighbors. The other report

2

memorialized an interview conducted by Detective Mary Evans with the victim's husband after the homicide, during which he told her that the victim had been threatened with a knife by one neighbor and was angry with another because of the level of noise coming from that neighbor's apartment. Guinyard asserts that his counsel did not read these reports until midway through the trial, and erred by not seeking an adjournment to give the attorney time to further investigate the information in the reports. Instead, defense counsel decided to elicit the information through the testimony of Detective Evans.

Upon review of the record, and having had the opportunity to re-visit the claim of ineffective assistance of counsel, we do not think that Guinyard has met the high standard established by AEDPA for habeas relief, substantially for the reasons articulated by the District Court in its Decision and Order of June 26, 2012. *See Guinyard v. Kirkpatrick*, No. 11-cv-06352(MAT), 2012 WL 2450767, at \*24-27 (W.D.N.Y. June 26, 2012).

## CONCLUSION

We have considered all of Guinyard's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the June 26, 2012 decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3