11-895-pr
Lampon v. LaValley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of November, two thousand twelve.

PRESENT:   JON O. NEWMAN,
           BARRINGTON D. PARKER,
           REENA RAGGI,
                     *Circuit Judges.*

------------------------------------------------------------------------------------

MIGUEL LAMPON,

                     *Petitioner-Appellant*,

                 v.                                            No. 11-895-pr

T. LaVALLEY, Superintendent, Clinton Correctional Facility,

                     *Respondent-Appellee*.

------------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:       SALLY WASSERMAN, Esq., New York, New York.

APPEARING FOR APPELLEES:        SOLOMON NEUBORT (Leonard Joblove, *on the brief*), Assistant District Attorneys, *for* Charles J. Hynes, District Attorney, Kings County, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 17, 2011, is AFFIRMED.

Petitioner Miguel Lampon appeals from the denial of his petition for a writ of habeas corpus challenging his New York State conviction, following a jury trial, for depraved indifference murder. See N.Y. Penal Law § 125.25[2]. Relying on recent New York Court of Appeals decisions reinterpreting the elements of depraved indifference murder, particularly People v. Feingold, 7 N.Y.3d 288, 819 N.Y.S.2d 691 (2006), Lampon argues that the evidence at trial was insufficient as a matter of law to prove him guilty of this crime, because that evidence showed that he acted with the specific intent to kill or under extreme emotional disturbance, but not with a depraved indifference to human life.

The district court rejected Lampon's claim as procedurally barred from review, but it granted a certificate of appealability on the narrow question of whether application of the procedural bar would result in "manifest injustice." For the reasons stated by the district court, we agree that Lampon's claim is procedurally barred. Thus, we limit our review to the certified question of manifest injustice, which we consider de novo, see Cornell v. Kirkpatrick, 665 F.3d 369, 374 (2d Cir. 2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error."

2

House v. Bell, 547 U.S. 518, 536 (2006). "The bar is not, however, unqualified." Id. The Supreme Court has recognized "a miscarriage-of-justice exception" in circumstances necessary to "correct[] a fundamentally unjust incarceration." Id. (internal quotation marks omitted). The miscarriage-of-justice exception applies only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Durnham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (alteration in original) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted). Moreover, that factual innocence requirement applies not only to the count of conviction, but also to equally or more serious charges faced by the petitioner. See Bousley v. United States, 523 U.S. at 624 (holding, in context of challenged conviction based on guilty plea, that petitioner's burden to demonstrate actual innocence extends to more serious charges forgone by government in course of plea bargaining).

With these principles in mind, we consider Lampon's argument that it would be a miscarriage of justice to reject his sufficiency claim as procedurally barred because he is actually innocent—not of killing his victim, David Garcia, whom he confessed during trial to shooting twice in the head at point blank range, but of the particular crime of depraved indifference murder—because he lacked the precise mens rea now required by People v. Feingold, 7 N.Y.3d 288, 819 N.Y.S.2d 691. We are not persuaded.

3

There is nothing "fundamentally unjust," House v. Bell, 547 U.S. at 536, about Lampon's continued incarceration for killing David Garcia by shooting him twice in the head. Whether acting intentionally or with a depraved indifference, Lampon committed second degree murder under New York criminal law. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.") (alteration in original; internal quotation marks omitted)); Durnham v. Travis, 313 F.3d at 730. Insofar as Lampon claims that he acted under extreme emotional distress sufficient to preclude him from forming the requisite intent, he demonstrates only a triable issue of fact, which is not the same as a likelihood that "no reasonable juror would have convicted him," Schlup v. Delo, 513 U.S. 298, 327 (1995), on either theory of second degree murder as necessary to establish factual innocence.

Accordingly, we conclude that this is not an "extraordinary case," Murray v. Carrier, 477 U.S. at 496, where a showing of actual innocence requires us to address the merits of Lampon's defaulted sufficiency claim in order to avoid manifest injustice.

We have considered petitioner's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4