Lyons v. LaClaire

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         CHESTER J. STRAUB,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Andrew Lyons,
         Petitioner-Appellant,

         -v.-                                    13-2160

Darwin LaClaire, Warden, Great Meadow
Correctional Facility,
         Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              SALLY WASSERMAN, Law Office of
                            Sally Wasserman, New York, New
                            York.

**FOR APPELLEES:**     LISA M. DENIG (Richard Longworth Hecht, on the brief), Assistant District Attorneys, for Janet DiFiore, District Attorney of Westchester County, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Andrew Lyons appeals from the denial of his petition for a writ of habeas corpus challenging his New York State conviction, following a jury trial, for depraved indifference murder. See N.Y. Penal Law § 125.25[2]. Relying on a New York Court of Appeals decision reinterpreting the elements of depraved indifference murder, Lyons argues that the evidence at trial was insufficient as a matter of law to prove that his actions displayed a depraved indifference to human life. See People v. Suarez, 6 N.Y.3d 202 (2005).

The district court issued a certificate of appealability to decide "whether, assuming petitioner's insufficiency claim is procedurally barred, the miscarriage of justice exception applies."

We consider the miscarriage-of-justice question de novo. See Cornell v. Kirkpatrick, 665 F.3d 369, 374 (2d Cir. 2011). We assume the parties' familiarity with the facts and record of prior proceedings.

"As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error." House v. Bell, 547 U.S. 518, 536 (2006). "The bar is not, however, unqualified." Id. The Supreme Court has recognized "a miscarriage-of-justice exception" in circumstances necessary to "correct[] a fundamentally unjust incarceration." Id. (internal quotation marks omitted). Lyons contends that his incarceration is unjust because the jury was not charged on depraved indifference murder consistent with the principles subsequently pronounced in Suarez. This argument misapprehends the federal standard

2

for excusing procedural default. Miscarriage of justice occurs only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (alteration in original) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted). Moreover, that factual innocence requirement applies not only to the count of conviction, but also to charges that are equally or more serious. See Bousley, 523 U.S. at 624 (holding, in context of challenged conviction based on guilty plea, that petitioner's burden to demonstrate actual innocence extends to more serious charges forgone by government in course of plea bargaining).

Lyons does not argue that he is actually innocent of killing his victim, Steven Donaldson. Instead, he argues that it would be a miscarriage of justice to reject his sufficiency claim as procedurally barred because he is actually innocent of the particular crime of depraved indifference murder, which requires the precise mens rea outlined in Feingold. Specifically, Lyons asserts that "none of [Lyons'] acts in this case, not carrying a cocked gun through a few steps in [a] busy area, nor gesturing such that the cocked gun was placed in proximity to the decedent's head, elevated the conduct at issue into depraved indifference." Appellant's Br. at 32. We are not persuaded.

Whether Lyons acted intentionally or with depraved indifference, he killed Donaldson under circumstances that New York criminal law denominates as second degree murder. Such circumstances hardly present us with an "extraordinary case," Carrier, 477 U.S. at 496, of actual innocence requiring us to address the merits of Lyons' defaulted sufficiency claim in order to avoid manifest injustice. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." (alteration in original) (internal quotation marks omitted); Dunham, 313 F.3d at 730. In any event, as the district court concluded, "a reasonable jury could certainly have convicted petitioner of depraved indifference murder . . . . Even if petitioner did not intend to pull the trigger or shoot Donaldson, he nonetheless brandished a loaded gun in the middle of the day

3

near a busy intersection after pulling the gun's hammer back to create a 'hair trigger,' which he knew reduced the amount of pressure required to pull the trigger and thus made it easier to fire."  It was reasonable for the jury to conclude, on such evidence, that Lyons' actions evinced "an utter disregard for the value of human life."  <u>Suarez</u>, 6 N.Y.3d at 214; <u>see also</u> <u>Gutierrez v. Smith</u>, 702 F.3d 103, 114 (2d Cir. 2012) (ruling that the evidence was sufficient to support a conviction for depraved indifference murder because "a reasonable jury could conclude that [the petitioner] wielded his knife haphazardly, without intending to kill anyone, but nevertheless indifferent as to whether he inflicted fatal injuries").  Therefore, there is nothing "fundamentally unjust," <u>House</u>, 547 U.S. at 536 (internal quotation marks omitted), about Lyons' continued incarceration for killing Donaldson by shooting him in the head at point-blank range.

For the foregoing reasons, and finding no merit in Lyons' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4