15-3222
*Danielson v. Lee*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 14th day of November, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
            ROBERT D. SACK,
            PETER W. HALL,
                        *Circuit Judges*.

_____

KHALIL DANIELSON,

                        *Plaintiff-Appellant*,
                v.                                                         No. 15-3222

SUPERINTENDENT WILLIAM LEE, GREEN
HAVEN CORRECTIONAL FACILITY,

                        *Defendant-Appellee*,

WILLIAM LAPE,

                        *Defendant.*

_____

For Plaintiff-Appellant:          GWEN MARTA SCHOENFELD, Glen Ridge, NJ.

For Defendant-Appellee:          T. CHARLES WON, Assistant District Attorney (Nancy D. Killian, Assistant District Attorney, *on the brief*), *for* Darcel D. Clark, District Attorney, Bronx County, NY.

1

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner Khalil Danielson appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*) denying his petition, filed pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus. On appeal, Danielson argues that the district court erred in concluding that his due process claim was unexhausted and barred by an adequate and independent state ground. In particular, Danielson claims that he has demonstrated cause and prejudice and actual innocence, either of which would be sufficient to permit consideration of the merits of his petition despite his procedural default. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Danielson was convicted in 2002 of second-degree depraved indifference murder under N.Y. Penal Law § 125.25(2) for the killing of Kenneth Andrews. At the time of the murder, Danielson was a member of the Bloods gang. Andrews was also a Blood but was suspected of joining the rival Crips gang. As a result of the victim's suspected change in gang affiliation, Danielson and two other Bloods agreed to take the victim to a park in the Bronx and kill him. At the park, one Blood member shot Andrews eight times, one shot him between two and four times, and one delivered a final shot to his head; although there were some inconsistencies in testimony about who fired which shots, witnesses agreed that Danielson fired multiple shots, but not the final shot to the head.

After the shooting, Danielson was indicted for intentional murder in the second degree, depraved indifference murder in the second degree, manslaughter in the first degree, and

criminal possession of a weapon in the second degree.[1] At trial, Danielson argued that he had not been present at the shooting. The jury acquitted Danielson of intentional murder, convicted him of depraved indifference murder, and did not consider the manslaughter or the weapon possession charges.

After his conviction, Danielson appealed. A divided Appellate Division affirmed Danielson's conviction in 2007, *see People v. Danielson*, 832 N.Y.S.2d 546 (N.Y. App. Div. 2007), but granted Danielson leave to appeal to the New York Court of Appeals, which affirmed Danielson's conviction in 2007, *see People v. Danielson*, 880 N.E.2d 1 (N.Y. 2007). Danielson's conviction became final in 2008.

Danielson filed this § 2254 habeas petition pro se in 2009. As relevant here, Danielson argues that his constitutional due process rights have been violated because the evidence presented at trial was insufficient to support his conviction. He argues that he is entitled to habeas relief because he was convicted of depraved indifference murder under the standard articulated in *People v. Register*, 457 N.E.2d 704, 707 (N.Y. 1983) (holding that the depraved indifference element referred to the "factual setting in which the risk creating conduct must occur," rather than the *mens rea* requirement), a decision that was overruled by the New York Court of Appeals' decision in *People v. Feingold*, 852 N.E.2d 1163, 1167 (N.Y. 2006). According to Danielson, the evidence presented at trial did not support a conviction under *Feingold*'s holding that depraved indifference is a *mens rea* element requiring indifference to whether grievous harm results, *id.* at 1167-68, but rather demonstrated only that his actions were intentional. Because the jury acquitted Danielson of intentional murder, he argues that he can, at most, be guilty of first-degree manslaughter.

---

[1] Additional weapons-related charges were dismissed before opening statements.

## I. Standard of Review

"We review a district court's denial of a petition for a writ of habeas corpus *de novo*." *Tavarez v. Larkin*, 814 F.3d 644, 648 (2d Cir. 2016).

## II. Procedural Bars

Danielson did not raise his current legal insufficiency argument to the trial court during his trial or in post-trial briefing, but did raise it to the Appellate Division in 2005. The Appellate Division deemed the argument unpreserved and thus refused to consider it on the merits, *see Danielson*, 832 N.Y.S.2d at 548, which is an adequate and independent state ground for refusing relief, *see Peterson v. Scully*, 896 F.2d 661, 663 (2d Cir. 1990). In addition, although Danielson was granted leave to appeal to the Court of Appeals, he did not raise his current argument at that time, which implicates the requirement that a petitioner exhaust his state remedies before presenting his claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). As a result, there is a threshold question of whether we may even consider the merits of Danielson's petition under the adequate and independent state ground and exhaustion doctrines.

We first consider exhaustion. "Where a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *DiSimone v. Phillips*, 461 F.3d 181, 190–91 (2d Cir. 2006) (quoting *Bousley v. United States,* 523 U.S. 614, 622 (1998)).

### 1. Cause and Prejudice

To demonstrate cause and actual prejudice, Danielson argues that it would have been futile to raise his current argument to the New York Court of Appeals because it lacked jurisdiction to review his unpreserved claim. Danielson is correct that the Court of Appeals

generally only has the authority to hear questions of law which have been preserved below. *See People v. Griggs*, 56 N.E.3d 203, 205 (N.Y. 2016). But the Court of Appeals certainly has authority to review the Appellate Division's determination that a claim was not preserved. Indeed, in the wake of *Feingold*, the New York Court of Appeals reviewed numerous challenges to depraved indifference murder convictions on issues which the Appellate Division had found unpreserved, therefore it is not apparent that the Court of Appeals lacked the ability to consider Danielson's claim. *See People v. Heidgen*, 3 N.E.3d 657, 664–67 (N.Y. 2013) (reviewing the merits of defendant's challenge to a depraved indifference murder conviction that the Appellate Division found unpreserved); *People v. Martinez*, 983 N.E.2d 751, 751 (N.Y. 2012) (same); *People v. Taylor*, 939 N.E.2d 1206, 1207, 1209 (N.Y. 2010) (same). In these circumstances, where Danielson had been granted leave to appeal to the Court of Appeals, filed such an appeal, and presented other arguments as part of that appeal, Danielson should have included his current argument to give the Court of Appeals "the opportunity to decide" whether to consider it rather than assuming an unfavorable outcome and heading directly to federal court. *See O'Sullivan*, 526 U.S. at 846–47 (emphasis omitted). For this reason, Danielson has not demonstrated cause for his failure to exhaust available state remedies.

### 2. Actual Innocence

Danielson's second argument is that he is actually innocent because *Feingold* represents a substantial change in the law governing depraved indifference murder and it is more likely than not that no reasonable juror would have convicted him in light of this new standard. At this stage, Danielson does not base his legal argument on an assertion that he is innocent of any involvement in the victim's killing; he makes the narrower argument that his actions may constitute other crimes—particularly first-degree manslaughter, with which he was also

5

charged—but do not constitute depraved indifference murder, so he is actually innocent of the crime of which he was convicted.

"[A] habeas petitioner 'may use [a] claim of actual innocence as a "gateway," or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction.'" *Rivas v. Fischer*, 687 F.3d 514, 539 (2d Cir. 2012) (quoting *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004)). This principle originated in *Murray v. Carrier*, 477 U.S. 478 (1986), where the Supreme Court observed that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," "the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration," *id*. at 495–96 (citations and internal quotation marks omitted). To succeed on an actual innocence claim, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In this case, we need not and do not decide whether an intervening change in the law constitutes new evidence for purposes of the actual innocence exception, nor if an actual innocence claim might succeed if a change in the law rendered the conduct at issue no longer criminal or resulted in a significantly lower penalty. Even if we were to answer both questions in the affirmative, Danielson presents an insufficient basis for us to conclude that he was actually innocent. According to the uncontradicted testimony at trial, Danielson and his fellow gang members had previously plotted to kill Andrews for changing his gang affiliation, and Danielson concedes that the jury concluded that the evidence at trial established that when he fired multiple rounds at the victim from an arm's length away his actions were intentional and premeditated.

6

Under these circumstances, there is nothing fundamentally unjust about Danielson's continued incarceration for the death of Kenneth Andrews. *See Lyons v. LaClaire*, 571 F. App'x 34, 36 (2d Cir. 2014) (summary order); *Lampon v. LaValley*, 504 F. App'x 1, 2 (2d Cir. 2012) (summary order). Thus, Danielson has failed to demonstrate actual innocence permitting review of the merits of his petition. And because his claim is unexhausted, we need not consider whether it is also barred by an adequate and independent state ground.

### III.    Conclusion

We have considered all of Danielson's arguments. Because Danielson has not demonstrated that the cause and prejudice or actual innocence doctrines excuse his procedural default, we are unable to consider the merits of his habeas petition. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk