19-2736-pr
Errington v. Warden, Bedford Hills Correctional Facility

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

------------------------------------------------------------------

SHERRI ERRINGTON,

*Petitioner - Appellant,*

v.                                                    No. 19-2736-pr

WARDEN, BEDFORD HILLS CORRECTIONAL
FACILITY,

*Respondent - Appellee.**

------------------------------------------------------------------

---

*The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONER: Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY

FOR RESPONDENT: Barbara Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, Andrew W. Amend, Assistant Deputy Solicitor General, Margaret A. Cieprisz, Assistant Attorney General, *for* Letitia James, Attorney General for the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Petitioner Sherri Errington appeals from a judgment of the District Court (Wolford, J.) denying her petition for a writ of habeas corpus under 28 U.S.C. § 2254. Errington was convicted after a jury trial in New York state court of two counts of a course of sexual conduct against a child in the first degree and one count of first-degree sexual abuse. As relevant to this appeal, Errington's habeas petition alleged ineffective assistance of counsel related to her trial

2

attorney's purported failure to advise her of her right to testify.[1]   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's denial of habeas relief <u>de novo</u>.   <u>Cornell v. Kirkpatrick</u>, 665 F.3d 369, 374 (2d Cir. 2011).   The New York state court denied Errington's motion to vacate her convictions pursuant to section 440.30(4)(d) of New York Criminal Procedural Law.[2]   The parties do not contest, and we therefore assume without deciding, that the state court's denial of the motion to vacate constitutes an "adjudicat[ion] on the merits" under 28 U.S.C. § 2254(d).   <u>See</u> <u>Chrysler v. Guiney</u>, 806 F.3d 104, 117 (2d Cir. 2015).   Accordingly, we can grant the petition only if the state decision "was contrary to, or involved an

---

[1] Errington's petition raised other grounds for relief, but Errington conceded to the District Court that all but the ineffective assistance of counsel claim and a due process claim were procedurally barred based on her failure to exhaust state remedies.   The District Court rejected the due process claim on the merits, and Errington does not challenge that ruling on appeal.   <u>See</u> <u>Storey v. Cello Holdings, L.L.C.</u>, 347 F.3d 370, 380 n.6 (2d Cir. 2003).

[2] Under section 440.30(4)(d), the state court may deny a motion to vacate without a hearing if, "[u]pon considering the merits," the court determines that "[a]n allegation of fact essential to support the motion . . . is made solely by the defendant and is unsupported by any other affidavit or evidence," and, under "all the other circumstances attending the case, there is no reasonable possibility that such allegation is true."   N.Y. Crim. Proc. L. § 440.30(4)(d).

3

unreasonable application of, clearly established Federal law, as determined by the Supreme Court[,]" or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(i)–(ii); see also Chrysler, 806 F.3d at 117.

To prevail on an ineffective assistance of counsel claim, a defendant must show prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 694 (1984). We agree with the District Court that, on this record, Errington cannot show that she was prejudiced by the alleged failure to advise her of her right to testify. Errington argues that her testimony would have been crucial to a duress defense, but most of the content of her proffered testimony was introduced into the trial record through video-taped and written statements in which Errington contradicted portions of the testimony of one of the victims and another witness and described her husband's history of controlling and threatening her. The record also suggests that, if Errington had chosen to testify, she would have been subjected to damaging cross-examination about inconsistent statements and

4

actions that would have undermined her defense. See Rega v. United States, 263 F.3d 18, 26 (2d Cir. 2001) (rejecting ineffective assistance claim for failure to show prejudice where defendant's testimony "would have added little weight to his defense but would have opened the door to" damaging impeachment). Thus, Errington has failed to show that her testimony would have created a reasonable probability of a different outcome.

We have considered Errington's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5